IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DICK ANTHONY HELLER, | ) |
| | ) |
| ABSALOM F. JORDAN, JR., and | ) |
| | ) |
| AMY McVEY, | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
|     v. | ) CIVIL ACTION NO. _____ |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| and | ) |
| | ) |
| ADRIAN M. FENTY, Mayor, | ) |
| District of Columbia, | ) |
| | ) |
|     Defendants | ) |

**COMPLAINT**

**(For Declaratory Judgment, Injunctive
Relief, and Writ of Mandamus)**

    1. This is an action to vindicate the right of residents of the District of Columbia to to keep and bear arms under the Second Amendment to the United States Constitution, which guarantees the right of law-abiding citizens to keep commonly-possessed handguns, including semiautomatic pistols, and other firearms in the home for immediate defense of their families and other lawful purposes.

**Parties**

    2. Plaintiff Dick Anthony Heller is a resident of the District of Columbia and a citizen of the United States.

3. Plaintiff Absalom F. Jordan, Jr. is a resident of the District of Columbia and a citizen of the United States.

4. Plaintiff Amy McVey is a resident of the District of Columbia and a citizen of the United States.

5. Defendant District of Columbia ("the District") is the Seat of the Government of the United States and a municipality organized under the Constitution and laws of the United States.

6. Defendant Adrian M. Fenty is the Mayor of the District of Columbia whose principal place of business is in Washington, D.C. He is being sued in his official capacity.

## Jurisdiction

7. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under of color of the laws, statute, ordinances, regulations, customs and usages of the District of Columbia, of rights, privileges or immunities secured by the United States Constitution.

8. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## Background

9. On June 26, 2008, the United States Supreme Court held in *District of Columbia v. Heller*, 128 S. Ct. 2783, 2821-22 (2008), that "the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense."

10. D.C. Code § Section 7-2502.01(a) provides in part that "no person or organization in the

District shall possess or control any firearm, unless the person or organization holds a valid registration certificate for the firearm." The *Heller* decision invalidated the following provision of the D.C. Code, § 7-2502.02(a)(4): "A registration certificate shall not be issued for a: . . . (4) Pistol not validly registered to the current registrant in the District prior to September 24, 1976 . . . ." D.C. Code § 7-2501.01(12) provides: "'Pistol' means any firearm originally designed to be fired by use of a single hand."

11. The Supreme Court explicitly articulated that handguns are constitutionally-protected arms because they are in common use at this time, are typically possessed by law-abiding citizens for lawful purposes, are considered by the American people to be the quintessential self-defense weapon, are the most popular weapon chosen by Americans for self-defense in the home, and are the most preferred firearm in the nation to keep and use for protection of one's home and family.

12. The *Heller* decision also invalidated D.C. Code § 7-2507.02, which provided: "Except for law enforcement personnel described in § 7-2502.01(b)(1), each registrant shall keep any firearm in his possession unloaded and disassembled or bound by a trigger lock or similar device unless such firearm is kept at his place of business, or while being used for lawful recreational purposes within the District of Columbia." Violation is punishable under § 7-2507.06 by imprisonment for not more than 1 year and a fine of $1,000.

13. On July 16, 2008, Mayor Fenty signed into law the Firearms Control Emergency Amendment Act of 2008 ("the Act"), which the Council of the District of Columbia had passed the previous day.

14. The Act amended D.C. Code § 7-2502.02(a)(4) to read in part: "(4) Pistol not validly registered to the current registrant in the District prior to September 24, 1976, except that the

3

prohibition on registering a pistol shall not apply to: . . . (C) Any person who seeks to register a pistol for use in self-defense within that person's home."

15. However, D.C. Code § 7-2502.02(a) provides in part as follows: "A registration certificate shall not be issued for a: . . . (2) Machine gun . . . ." Further, § 7-2501.01(10) provides:

> "Machine gun" means any firearm which shoots, is designed to shoot, or can be readily converted or restored to shoot:
> (A) Automatically, more than 1 shot by a single function of the trigger;
> (B) Semiautomatically, more than 12 shots without manual reloading.

16. Definition (B) above which includes semiautomatic firearms in the meaning of "machine gun" is contrary to the ordinary usage of those terms in the English language and in the laws of the United States and of the States. The District considers a semiautomatic firearm which *does not* shoot more than 12 shots without manual reloading to be a "machine gun" under the theory that it "is designed to shoot, or can be readily converted or restored to shoot" more than 12 shots, even though the person in possession of the firearm has no ammunition feeding device that would allow it to do so.

17. Pursuant to the Act, on July 16, 2008, the Chief of the District's Metropolitan Police Department issued a Notice of Emergency and Proposed Rulemaking which amended Chapter 23 of Title 24, District of Columbia Municipal Regulations, to provide in § 2320.2: "The Director may register any pistol of any caliber or shot capacity so long as the pistol is not a machine gun as that term is defined in section 101(10) of the Firearms Control Act of 1975 (D.C. Law 1-85; D.C. Official Code § 7-2501.01(10))."

18. As a result of the District's extraordinary definition and its interpretation by the District, ordinary handguns and other firearms which are semiautomatic are considered to be "machine guns"

and may not be registered. The overwhelming majority of handguns possessed in the United States are semiautomatic handguns, and the Supreme Court in *Heller* held that handguns as a class are constitutionally protected. As a consequence of the above, virtually the only type of handgun the District will allow to be registered is the revolver.

19. Regarding the process of registering a pistol, the Act amended D.C. Code § 7-2502.03 to add: "(d) The Chief shall require any registered pistol to be submitted for a ballistics identification procedure and shall establish a fee for such procedure." No limit is set on the fee the Chief may impose.

20. Chapter 23 of Title 24, District of Columbia Municipal Regulations imposes onerous requirements to register a pistol. See §§ 2320.3, .4, .5. For a pistol that is already lawfully possessed outside the District, the applicant must transport the pistol to the Firearms Registration Section (FRS) of the Municipal Police Department (MPD). If the pistol is a semiautomatic, it will be confiscated and the person may be arrested. If it is a revolver, it must be subjected to a ballistic identification procedure.

21. Reporting to the FRS, the person must submit the application to register, acquire fingerprint cards, and provide photographs, a driver's license or letter from physician attesting to vision good enough to drive, and proof of residency. The person must take and pass a written test, pay fees for fingerprinting and registration, and submit to fingerprinting. The fingerprint cards must be submitted to the FRS, one for the office file and the other for an FBI criminal record check.

22. The person must then await notification by mail from the FRS that requirements for registration have been satisfied. No time limit is prescribed. The person must then return to the FRS to complete the process and obtain the MPD seal on the registration certificate. Finally, the person

must retrieve the registered pistol form the FRS and transport it to home.

23. Additional requirements are imposed if the person purchases a pistol from a licensed dealer. Currently in the District, no licensed dealers exist which are open to the public.

24. Regarding registered firearms kept at home, the Act amended § 7-2507.02 to read in part as follows:

> Each registrant shall keep any firearm in his or her possession unloaded and either disassembled or secured by a trigger lock, gun safe, or similar device, except that this requirement shall not apply to:
> (1) Law enforcement personnel described in section 201(b)(1);
> (2) A firearm that is kept at the registrant's place of business and not the registrant's home;
> (3) A firearm while it is being used to protect against a reasonably perceived threat of immediate harm to a person within the registrant's home . . . .

25. Under this provision, a person may not keep a functional firearm for use in immediate self defense, and may not have it assembled and unsecured by locking devices even for innocuous purposes such as cleaning. The provision clearly states that a firearm may be assembled, unlocked, and loaded only "*while* it *is being used* to protect against a reasonably perceived threat of immediate harm to a person within the registrant's home." (Emphasis added.)

26. Administration and enforcement of the provisions at issue are by agents and employees of the District of Columbia under the supervision of defendant Fenty.

**Facts**

27. Plaintiffs Heller, Jordan, and McVey are all eligible under the laws of the United States and of the District to receive and possess firearms. Plaintiffs are victims of crime, live in high crime neighborhoods, or otherwise seek lawfully to possess in their homes semiautomatic handguns and to keep firearms in a usable condition for immediate self defense.

28. Pursuant to D.C. Code § 7-2502.03, the following plaintiffs sought to register semiautomatic handguns which do not shoot more than 12 shots without manual reloading, to possess in their homes for lawful self defense:

(a) On July 17, 2008, plaintiff Heller applied to the Metropolitan Police Department (MPD) of the District of Columbia to register a Colt Model 1911 semiautomatic pistol with a magazine capable of holding no more than six cartridges. Officials at the MPD denied this application on the alleged basis that the pistol constituted a "machine gun" and was unregisterable.

(b) On July 22, 2008, plaintiff Jordan applied to the MPD register a target model .22 caliber semiautomatic pistol with a magazine capacity allowing it to shoot no more than 10 shots. Officials at the MPD denied this application on the alleged basis that the pistol constituted a "machine gun" and was unregisterable.

29. But for the odd definition of "machine gun" in D.C. Code § 7-2502.02(a) and District's view that the semiautomatic handguns at issue are machine guns, the District would have registered the handguns.

30. On July 17, 2008, plaintiff McVey applied to the MPD and paid the required fee to register a revolver type of "pistol." She was required to present herself at the MPD, be photographed and fingerprinted, to undergo a background check, to pass a written test, to exhibit proof of good eyesight, and to submit her revolver for ballistics testing. To complete the registration, McVey is required to present herself at the MPD on at least two more occasions.

31. On July 18, 2008, plaintiff Heller applied to the MPD and paid the required fee to register a revolver type of "pistol." He was required to present himself at the MPD, be photographed and fingerprinted, to undergo a background check, to pass a written test, to exhibit proof of good

eyesight, and to submit his revolver for ballistics testing. To complete the registration, Heller is required to present himself at the MPD on at least two more occasions.

32. Plaintiffs need to be able for purposes of lawful self defense to make such handguns and other firearms usable by assembling them, removing trigger locks, removing them from safes, and loading them. Plaintiffs also need to be able to have their firearms assembled and unlocked for legitimate incidental purposes, such as cleaning, examining, and repairing to ensure that they are operable and safe. However, D.C. Code § 7-2507.02 prohibits them from doing so.

33. In recognition of circumstances in which a firearm may be necessary for immediate use for protection against deadly violence and for other incidental purposes, § 7-2507.02 excepts from this requirement a firearm kept at one's place of business and law enforcement personnel.

34. As a proximate cause of D.C. Code § 7-2507.02 and the enforcement thereof by defendants District of Columbia and Fenty and their agents and employees, plaintiffs are subjected to irreparable harm in that they are unable to keep their firearms in a manner ready for immediate use to protect themselves in their homes from attack by violent intruders.

## COUNT ONE

35. Paragraphs 1 through 34 are realleged and incorporated herein by reference.

36. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

37. The District's ban on semiautomatic handguns amounts to a prohibition of an entire class of arms that is overwhelmingly chosen by American society for the lawful purpose of self-defense in the home. Semiautomatic pistols are issued to and commonly possessed by officers of the

Metropolitan Police Department for self-defense and other lawful purposes.

38. By defining "machine gun" to include semiautomatic firearms and applying that term to semiautomatic pistols which do not shoot more than 12 shots without manual reloading, and prohibiting the registration of such pistols, D.C. Code §§ 7-2501.01(10) and 7-2502.02(a)(2) facially and as applied infringe on the right of the people, including plaintiffs, to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution.

## COUNT TWO

39. Paragraphs 1 through 38 are realleged and incorporated herein by reference.

40. The Act amended D.C. Code § 7-2502.03 to add: "(d) The Chief shall require any registered pistol to be submitted for a ballistics identification procedure and shall establish a fee for such procedure." No limit is placed upon the amount of the fee.

41. The above requires payment of a fee, the amount of which is left to the boundless discretion of the Chief of Police, in order to register, and hence lawfully to possess a pistol. Predicating the right lawfully to possess a pistol as guaranteed by the Second Amendment on the payment of any fee, and moreso an undefined fee with no limit according to the arbitrary will of the Chief, infringes on the right of the people, including plaintiffs herein, to keep and bear arms.

42. Accordingly, D.C. Code § 7-2502.03(d) violates the Second Amendment and is void.

## COUNT THREE

43. Paragraphs 1 through 42 are realleged and incorporated herein by reference.

44. The Act amended D.C. Code § 7-2507.02 to require that "Each registrant shall keep any firearm in his or her possession unloaded and either disassembled or secured by a trigger lock, gun safe, or similar device . . . ." By exempting "(1) Law enforcement personnel described in section

201(b)(1)" and "(2) A firearm that is kept at the registrant's place of business and not the registrant's home," such provision acknowledges the need to keep a firearm in useable condition for defense of self and others against an unlawful, sudden, and deadly attack. However, in limiting the further exemption to "(3) A firearm while it is being used to protect against a reasonably perceived threat of immediate harm to a person within the registrant's home," such provision unduly burdens the right of persons, including plaintiffs, to render a lawful firearm in the home operable for the purpose of immediate self-defense.

45. Accordingly, to the extent it fails to exempt a firearm that is kept at the registrant's home for immediate self defense, and exempts only a firearm "while it is being used to protect against a reasonably perceived threat of immediate harm to a person" in such home, D.C. Code § 7-2507.02(3) infringes on the right of the people, including plaintiffs, to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution.

## COUNT FOUR

46. Paragraphs 1 through 45 are realleged and incorporated herein by reference.

47. D.C. Code § 1-303.43, enacted by Congress and entitled "Regulations relative to firearms, explosives, and weapons," provides:

> The Council of the District of Columbia is hereby authorized and empowered to make, and the Mayor of the District of Columbia is hereby authorized and empowered to enforce, all such usual and reasonable police regulations, in addition to those already made under §§ 1-303.01 to 1-303.03 as the Council may deem necessary for the regulation of firearms, projectiles, explosives, or weapons of any kind in the District of Columbia.

48. The following provisions of the D.C. Code are not "usual and reasonable police regulations . . . necessary for the regulation of firearms," nor could the Council reasonably deem

them such:

(a) D.C. Code §§ 7-2501.01(10) and 7-2502.02(a)(2), to the extent they define "machine gun" to include semiautomatic firearms and apply that term to semiautomatic pistols which do not shoot more than 12 shots without manual reloading, and prohibit the registration of such pistols;

(b) D.C. Code § 7-2502.03(d), which preconditions registration of a pistol on the payment of an undefined fee set by the Police Chief and which has no limit; and

(c) D.C. Code § 7-2507.02(3), to the extent it fails to exempt a firearm that is kept at the registrant's home for immediate self defense, and exempts only a firearm "while it is being used to protect against a reasonably perceived threat of immediate harm to a person" in such home.

49. The above provisions of the D.C. Code are not "usual and reasonable," and instead are highly unusual and unreasonable. Under the laws of the United States and of every State in the Union, a law-abiding citizen may possess a semiautomatic pistol in the home, and may lawfully possess a pistol which has not been submitted for a ballistics identification procedure requiring an undefined fee determined by police authorities. Under the laws of the United States and of every State in the Union, firearms may be kept in the home other than unloaded and disassembled or bound by a trigger lock, gun safe, or similar device, and not just while actually being used to protect against a reasonably perceived threat.

50. Accordingly, to the extent D.C. Code §§ 7-2501.01(10) and 7-2502.02(a)(2) prohibit the registration of semiautomatic pistols which do not shoot more than 12 shots without manual reloading, to the extent D.C. Code § 7-2502.03 predicates lawful possession of a pistol on the submission thereof for a ballistics identification procedure requiring an undefined fee determined by the Chief of Police, and to the extent D.C. Code § 7-2507.02(3) fails to exempt a firearm that is

kept at the registrant's home, such provisions are not authorized by D.C. Code § 1-303.43 and are null and void.

WHEREFORE, plaintiffs pray that the Court:

1. Enter a declaratory judgment that to the extent D.C. Code §§ 7-2501.01(10) and 7-2502.02(a)(2) prohibit the registration of semiautomatic pistols which do not shoot more than 12 shots without manual reloading, to the extent D.C. Code § 7-2502.03 predicates lawful possession of a pistol on the submission thereof for a ballistics identification procedure requiring an undefined fee determined by the Chief of Police, and to the extent D.C. Code § 7-2507.02(3) fails to exempt a firearm that is kept at the registrant's home, such provisions (1) infringe on the right of the people to keep and bear arms, in violation of the Second Amendment to the United States Constitution; and (2) are not authorized by D.C. Code § 1-303.43 and are void.

2. Issue preliminary and permanent injunctions and a writ of mandamus requiring defendants District of Columbia, Adrian M. Fenty, and their officers, agents, and employees to approve the applications of plaintiffs to register semiautomatic pistols which do not shoot more than 12 shots without manual reloading as were submitted and as in the future may be submitted.

3. Issue preliminary and permanent injunctions and a writ of mandamus requiring defendants District of Columbia, Adrian M. Fenty, and their officers, agents, and employees to register pistols without submission thereof for a ballistics identification procedure requiring an undefined fee determined by the Chief of Police.

4. Issue preliminary and permanent injunctions enjoining defendants District of Columbia, Adrian M. Fenty, and their officers, agents, and employees from enforcing D.C. Code § 7-2507.02 as applied to a firearm kept at a registrant's home for immediate self defense.

5.  Grant such other and further relief as may be proper.

6.  Award plaintiff attorney's fees and costs.

>Respectfully Submitted,
>
>Dick Anthony Heller, Absalom F. Jordan, Jr., and Amy McVey
>
>Plaintiffs
>
>By Counsel
>
>_____
>Stephen P. Halbrook
>D.C. Bar No. 379799
>
>
>_____
>Richard E. Gardiner
>D.C. Bar No. 386915
>
>10560 Main St., Suite 404
>Fairfax, VA  22030
>(703) 352-7276
>
>Attorneys for Plaintiffs

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

Case 1:08-cv-01289-RMU   Document 1-2   Filed 07/28/2008   Page 1 of 2

L
08-1289
RMU

## I (a) PLAINTIFFS

Dick Anthony Heller, Absalom F. Jordan, Jr.
Amy McVey

//OCJ

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen P. Halbrook and Richard E. Gardiner
10560 Main St., Suite 404
Fairfax, VA 22030
703-352-7276

## DEFENDANTS

District of Columbia, Adrian M. Fenty

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __DC__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORN

Case: 1:08-cv-01289
Assigned To : Urbina, Ricardo M.
Assign. Date : 7/28/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Action for declaratory & injunctive relief under 42 U.S.C. § 1983 alleging D.C. firearms laws violative of Second Amendment.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 7/25/08   SIGNATURE OF ATTORNEY OF RECORD  *Stephen P. Halbrook*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.