IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DICK ANTHONY HELLER, *et al.* )<br>)<br>    Plaintiffs    )<br>)<br>v.    )<br>)<br>THE DISTRICT OF COLUMBIA, *et al.* )<br>)<br>    Defendants    ) | CASE: 1:08-cv-01289<br>Hon. Ricardo M. Urbina |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO ENLARGE TIME TO RESPOND**

Plaintiffs Dick Anthony Heller and Absalom F. Jordan, Jr., by counsel, hereby oppose Defendants' Motion to Enlarge Time to Respond, and in support thereof, represent:

As stated in the Motion, Defendants' response to the Complaint is due by August 21, 2008. Plaintiffs consented to an enlargement of time to August 28, 2008. Defendants seek an enlargement to October 2, 2008.

In support thereof, Defendants represent "that imminent events may materially alter the posture of this matter." Mem. of Pts. & Auth. 2. They cite two pending legislative matters.

First, a bill has been introduced in the House of Representatives which, if enacted into law, would alter the provisions of the District's firearm laws at issue in this case.[1] It is only speculative, however, that such bill would be passed by the House and then passed by the Senate, and signed by the President. Indeed, given that the bill will not be brought up in the House until mid-September,

---

[1] The Complaint alleges that certain provisions fail to comply with the holding in *District of Columbia v. Heller*, 128 S. Ct. 2783, 2821-22 (2008), that "the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense."

it is highly unlikely that it could be enacted into law this year as the Senate will almost certainly recess in early October until after the elections.  Further, it is entirely unknowable what its final content would be.  Similar bills have been introduced in the past but were not enacted.[2]

In an analogous area of the law, Congress debated bills for several years that would be enacted into the Firearms Owners' Protection Act of 1986.  Despite these bills, cases were litigated under prior law until the new law was enacted.  For instance, *U.S. Dept. of Treasury, Bureau of Alcohol, Tobacco and Firearms v. Galioto*, 477 U.S. 556, 559 (1986), noted that after oral argument, "Congress came to the conclusion, as a matter of legislative policy, that the firearms statutes should be redrafted.  On May 19, 1986, while this case was under consideration here, the President signed into law Pub. L. 99-308, 100 Stat. 449."  It was only then that the Court could say that the "issues discussed by the District Court are now moot."  *Id.* at 559-60.

Defendants further state that the Council of the District of Columbia has scheduled a public hearing on the bill "Firearms Control Amendment Act of 2008" for September 18, 2008, and that "subsequent Council action may also materially alter the legislation . . . ."  It is completely speculative at this time whether or when a bill would be voted on by the Council and whether or when it would be signed by the mayor, and indeed whether this case would be affected by any such legislation if and when it may pass.

CONCLUSION

Defendants' motion is simply an effort to delay this court's consideration of the important constitutional issues presented herein and this court should deny the motion for an enlargement of

---

[2]The "District of Columbia Personal Protection Act," a bill to restore Second Amendment rights in the District, passed the House by a vote of 250 to 171 in 2004, but did not pass the Senate. 150 Cong. Rec. H7758, H7777 (Sept. 29, 2004).

time to respond to the Complaint to October 2, 2008.

        Respectfully Submitted,

        Dick Anthony Heller and Absalom F. Jordan, Jr.
        Plaintiffs
        By Counsel

        /S/ Stephen P. Halbrook
        Stephen P. Halbrook
        D.C. Bar No. 379799

        /S/ Richard E. Gardiner
        Richard E. Gardiner
        D.C. Bar No. 386915

        10560 Main St., Suite 404
        Fairfax, VA  22030
        (703) 352-7276

        Attorneys for Plaintiffs