UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DICK ANTHONY HELLER, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.08-01289 (RMU) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND

Pursuant to LCvR 7(d) and Fed. R. Civ. P. 6(e), Defendants hereby briefly reply to Plaintiffs' Opposition to Defendant's Motion to Enlarge Time to Respond:

1. Plaintiffs correctly argue that it is speculative to attempt to determine when and how the challenged legislation and regulations may change. P.Opp. at 1–2.

2. What is *not* speculative, however, is that the legislation and regulations were passed on an emergency basis, and will expire by operation of law. *See CSX Transp., Inc. v. Williams*, 406 F.3d 667, 669 (D.C. Cir. 2005) (*per curiam*) ("Because the D.C. Act is emergency legislation, it was passed on only one reading by the D.C. Council, was not reviewed by the Congress and is effective for only 90 days."(citing Home Rule Act §§ 412(a) (D.C. Official Code § 1-204.12); 602(c)(1) (D.C.Code § 1-206.02)); D.C. Official Code § 2-505(c) (2007 Supp.) ("No such [emergency] rule shall remain in effect longer than 120 days after the date of its adoption.").

3. While Congress may or may not pass legislation invalidating the District's law, the D.C. Council will take up the permanent version of the legislation in a month, and the odds are that

changes *will* be made to existing language. *See* David C. Lipscomb, "Heller, others challenge semi-automatic ban," Washington Times, July 29, 2008, at A12:

> [D.C. Councilmember Phil Mendelson] spokesman Jason Shedlock said Mr. Mendelson reviewed the complaint and intends to address concerns about the District's gun laws when the council returns from recess in September.
>
> * * *
>
> "It raises a number of important points that he wants to address quickly over the next few months," Mr. Shedlock said. "The emergency legislation was not meant to be comprehensive. It was meant as a stopgap."

4.  While the District avers that its current regime fully complies with the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), the brief delay requested by the District will not realistically affect the disposition of this matter.

5.  An immediate, general denial by the District would simply trigger the obligations of Fed. R. Civ. P. 26(f) for the parties to discuss discovery. To the extent any discovery would be needed here in this matter of statutory interpretation, that discovery would certainly encompass the legislative record behind the Council's actions, which record would not be complete until sometime after the scheduled September 18 public hearing on the permanent legislation.

6.  While the District appreciates plaintiffs' desire for celerity, a brief delay to accommodate the legislative process would conserve time and effort that need not be presently expended.

DATE: August 15, 2008                    Respectfully submitted,

                                                  PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

    /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I

441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431


     /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov