UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
DICK ANTHONY HELLER, *et al.*            )
                                         )
              Plaintiffs,                )
                                         )
       v.                                )      Civil Action No.08-01289 (RMU)
                                         )
DISTRICT OF COLUMBIA, *et al.*,          )
                                         )
              Defendants.                )
_____)

ANSWER

       Pursuant to Fed. R. Civ. P. 7(a) and 8(b), the District of Columbia and Mayor Adrian M.

Fenty (collectively, "the District"), by and through undersigned counsel, hereby respectfully

answer the First Amended Complaint ("Complaint") in the above-captioned case (comprising 13

pages, and 54 numbered and unnumbered paragraphs). For ease of reference only, the District

utilizes the headings appearing in the Complaint in responding to the paragraphs of the Complaint

below.

FIRST DEFENSE

       The Complaint fails to state a claim upon which relief can be granted against the District.

SECOND DEFENSE

       In response to the numbered allegations of the Complaint, the District states as follows:

**FIRST AMENDED COMPLAINT**

**(For Declaratory Judgment, Injunctive
Relief, and Writ of Mandamus)**

       1.  The allegations in paragraph 1 of the Complaint are plaintiffs' legal conclusions to

which no answer is required.

**Parties**

2.  The District admits the allegations in paragraph 2 of the Complaint.

3.  The District admits the allegations in paragraph 3 of the Complaint.

4.  The District admits that it is "a municipality organized under the Constitution and laws of the United States." The remaining allegations in paragraph 4 are plaintiffs' factual characterizations and legal conclusions to which no answer is required.

5.  The District admits the allegations in the first sentence of paragraph 5 of the Complaint. The allegations in the second sentence of paragraph 5 are plaintiffs' legal conclusions to which no answer is required.

**Jurisdiction**

6.  The allegations in paragraph 6 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

7.  The allegations in paragraph 7 of the Complaint are plaintiffs' legal characterizations and conclusions to which no answer is required; however, to the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

**Background**

8.  The District admits that the quoted text is contained in the referenced decision.

9.  The District admits the allegations in the first and third sentences of paragraph 9 of the Complaint. The allegations in the second sentence of paragraph 9 (beginning "The *Heller* decision") are plaintiffs' legal conclusions to which no answer is required.

10.  The allegations in paragraph 10 of the Complaint are plaintiffs' legal characterizations and conclusions to which no answer is required.

11.  The District admits that the quoted text appears in the referenced legislation, but the

remainder of the allegations in paragraph 11 of the Complaint are plaintiffs' legal characterizations and conclusions to which no answer is required.

12. The District admits the allegations in paragraph 12 of the Complaint.

13. The District admits the allegations in paragraph 13 of the Complaint.

14. The District admits that the quoted text is contained in the referenced legislation.

15. The allegations in paragraph 15 of the Complaint are plaintiffs' factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

16. The District admits the allegations in paragraph 16 of the Complaint.

17. The allegations in the first and third sentences of paragraph 17 of the Complaint are plaintiffs' factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations regarding the "handguns possessed in the United States," and the remaining allegations in paragraph 17 are plaintiffs' legal conclusions to which no answer is required.

18. The District admits the allegations in paragraph 18 of the Complaint to the extent they correctly reflect the referenced legislation.

19. The District admits the allegations in paragraph 19 of the Complaint to the extent they correctly reflect the content of the referenced regulations, but denies the characterization of the regulations as "onerous."

20. The District admits the allegations in paragraph 20 of the Complaint to the extent they correctly reflect the content of the referenced regulations.

21. The District admits the allegations in paragraph 21 of the Complaint to the extent they

correctly reflect the content of the referenced regulations.

22. The allegations in the first sentence of paragraph 22 of the Complaint are plaintiffs' legal conclusions to which no answer is required. The District admits the allegations in the second sentence of paragraph 22.

23. The District admits the allegations in paragraph 23 of the Complaint to the extent they correctly reflect the referenced legislation.

24. The District admits that the quoted text appears in the referenced legislation, but the remainder of the allegations in paragraph 24 of the Complaint are plaintiffs' factual characterizations and legal conclusions to which no answer is required.

25. The District admits the allegations in paragraph 25 of the Complaint.

**Facts**

26. The allegations in paragraph 26 of the Complaint are plaintiffs' legal conclusions and factual characterizations to which no answer is required.

27. The allegations in paragraph 27 of the Complaint prior to the colon are plaintiffs' legal conclusions to which no answer is required.

(a) The District denies the allegations in paragraph 27(a) of the Complaint.

(b) The District denies the allegations in paragraph 27(b) of the Complaint.

28. The allegations in paragraph 28 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

29. The District admits the allegations in the first two sentences of paragraph 29 of the Complaint, and denies the allegations in the third sentence of paragraph 29.

30. The allegations in paragraph 30 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the

District denies the allegations.

31. The allegations in paragraph 31 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

32. The allegations in paragraph 32 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT ONE

33. The allegations in paragraph 33 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to "[p]aragraphs 1 through 34." [sic]

34. The District admits that the quoted text is contained in the Second Amendment to the United States Constitution.

35. The allegations in the first sentence of paragraph 35 are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations. The District admits that "[s]emiautomatic pistols are issued to and commonly possessed by officers of the Metropolitan Police Department" and denies the remainder of the allegations in the second sentence of paragraph 35.

36. The allegations in paragraph 36 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT TWO

37. The allegations in paragraph 37 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and

incorporates by reference its answers to paragraphs 1 through 36.

38. The District admits the allegations in paragraph 38 of the Complaint to the extent they correctly reflect the referenced legislation.

39. The allegations in paragraph 39 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

40. The allegations in paragraph 40 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT THREE

41. The allegations in paragraph 41 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 40.

42. The District admits the allegations in the first sentence of paragraph 42 of the Complaint. The remaining allegations in paragraph 42 are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

43. The allegations in paragraph 43 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT FOUR

44. The allegations in paragraph 44 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 43.

45. The District admits the allegations in paragraph 45 of the Complaint.

46. The allegations in paragraph 46 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

47. The allegations in the first sentence of paragraph 47 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the remainder of paragraph 47.

48. The allegations in paragraph 48 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

The allegations in the six (6) numbered paragraphs which appear directly following the word "WHEREFORE" are plaintiffs' prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiffs taking nothing by way of damages, fees, or costs against the District.

The District further answers that all allegations in the Complaint which are not specifically admitted or otherwise answered are hereby denied.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

## FOURTH DEFENSE

The District and its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

## FIFTH DEFENSE

Neither attorneys' fees nor costs are recoverable against the District in this case.

## SIXTH DEFENSE

Plaintiffs may not have standing to proceed on all their claims.

## SEVENTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

DATE: August 28, 2008                Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Ellen A. Efros_____
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov