IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DICK ANTHONY HELLER, ET AL.      ) | |
|          ) | |
|      Plaintiffs               ) | |
|          ) | |
| v.                        ) | No. 08-1289 |
|          ) | |
| THE DISTRICT OF COLUMBIA, ET AL.      ) | |
|          ) | |
|      Defendants.           ) | |

LOCAL RULE 16.3 REPORT

Pursuant to Local Rule 16.3, the parties conferred concerning the matters set forth in Local Rule 16.3(c) and hereby submit the following report.

Plaintiffs, Dick Anthony Heller and Absalom F. Jordan, Jr., sue defendants the District of Columbia and the Honorable Adrian M. Fenty. Plaintiffs contend that jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3). Plaintiffs seek declaratory and injunctive relief, writ of mandamus, and attorney's fees and costs. Plaintiffs contend that District law (and its implementing regulations) is in violation of the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). Specifically, the First Amended Complaint alleges that D.C. Code §§ 7-2501.01(10) and 7-2502.02(a)(2) facially and as applied infringe on the right of the people, including plaintiffs, to keep and bear arms as guaranteed by the Second Amendment. Plaintiffs also contend that D.C. Code § 7-2502.03 violates the Second Amendment. Plaintiffs also contend that D.C. Code § 7-2507.02(3) infringes on the right of the people, including plaintiffs, to keep and bear arms as guaranteed by the Second Amendment. Plaintiffs also contend that D.C. Code §§ 7-2501.01(10), 7-2502.02(a)(2), 7-2502.03, and 7-2507.02(3) are not authorized by Congress pursuant to D.C. Code § 1-303.43, and are null and

void.

Attached hereto is a Proposed Scheduling Order.

1) The parties agree that the case is likely to be disposed of by dispositive motion.

2) The parties agree that no other parties shall be joined or the pleadings amended. On December 16, 2008, the Council passed emergency and permanent versions of the Firearms Control Amendment Act of 2008 on December 16, 2008, Bill 17-1073 and Bill 17-843, respectively, which amend Title 7 of the District Code. The Council also passed emergency and permanent versions of the Inoperable Pistol Amendment Act of 2008, Bill 17-1074 and 17-593, which amend Title 22 of the District code. In light of this, the parties believe that counts I and III of the Complaint are now moot and will remain so unless Congress disapproves the legislation during the periods of review.

3) The parties agree that the case should not be assigned to a magistrate judge for all purposes, including trial.

4) Although the parties would prefer to resolve the dispute amicably, there is no realistic possibility of settling the case.

5) The parties agree that it is unlikely that the case would benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).

6) The parties believe that the case can be resolved by summary judgment. The parties suggest filing cross-motions for summary judgment within approximately 30 days of the effective date of the permanent legislation; the permanent versions of the legislation are expected to be transmitted to Congress sometime this month, hence the effective date will likely be a date in February (assuming Congress takes no other action) for the Firearms Control legislation, and in March for the Inoperable Pistol legislation. The parties further suggest filing cross-oppositions

within approximately three weeks of the filing of the dispositive motions, and cross-replies, if any, within an additional three weeks. The attached proposed scheduling order incorporates these deadlines.

7) The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

8) Discovery is not anticipated.

9) The parties do not anticipate the use of expert witnesses and thus there is no need for the exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., nor is there a need for depositions of experts.

10) This is not a class action.

11) The parties agree that trial and/or discovery should not be bifurcated or managed in phases.

12) A pretrial conference should be held 60 days after a ruling on the dispositive motions, if any.

13) The Court should not set a firm trial date at the first scheduling conference, but should provide that a trial date will be set at the pretrial conference from 30–60 days after that conference.

14) There are no other matters that the parties believe may be appropriate for inclusion in a scheduling order.

DATE: January 5, 2009              Respectfully submitted,

                                   Dick Anthony Heller
                                   Absalom F. Jordan, Jr.
                                   By Counsel

                                   /s/ Richard E. Gardiner
                                   Richard E. Gardiner

D.C. Bar No. 386915
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
regardiner@cox.net

/s/ Stephen P. Halbrook
Stephen P. Halbrook
D.C. Bar No. 379799
Suite 404
10560 Main Street
Fairfax, VA 22030
(703) 352-7276
protell@aol.com

*Attorneys for Plaintiffs*


District of Columbia and Adrian Fenty
By Counsel

PETER J. NICKLES
Attorney General, District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

*Attorneys for Defendants*