UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DICK ANTHONY HELLER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.08-01289 (RMU) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | **Jury Trial Demanded** |
| ) | |
| Defendants. ) | |

## ANSWER

Pursuant to Fed. R. Civ. P. 7(a) and 8(b), the District of Columbia and Mayor Adrian M. Fenty (collectively, "the District"), by and through undersigned counsel, hereby respectfully answer the Second Amended Complaint ("Complaint") in the above-captioned case (comprising 21 pages, and 86 numbered and unnumbered paragraphs). For ease of reference only, the District utilizes the headings appearing in the Complaint in responding to the paragraphs of the Complaint below.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

SECOND DEFENSE

In response to the numbered allegations of the Complaint, the District states as follows:

**SECOND AMENDED COMPLAINT**

**(for Declaratory Judgment, Injunctive
Relief, and Writ of Mandamus)**

1. The allegations in paragraph 1 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

2. The District admits the allegations in paragraph 2 of the Complaint.

3. The District admits the allegations in paragraph 3 of the Complaint.

4. The District admits the allegations in paragraph 4 of the Complaint.

5. The District admits the allegations in paragraph 5 of the Complaint

6. The allegations in paragraph 6 are plaintiffs' legal conclusions to which no answer is required.

7. The allegations in paragraph 7 of the Complaint are plaintiffs' legal conclusions to which no answer is required. The District admits that it is "the Seat of Government of the United States and a municipality organized under the Constitution and laws of the United States."

8. The allegations in paragraph 8 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits the allegations.

**Jurisdiction**

9. The allegations in paragraph 9 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

10. The allegations in paragraph 10 of the Complaint are plaintiffs' legal conclusions to which no answer is required. The District admits that that venue in the District of Columbia is appropriate.

**Background**

11. The allegations in paragraph 11 of the Complaint are plaintiffs' legal conclusions to which no answer is required. The District admits only that the quoted text appears in the referenced decision.

12. The District admits the allegations in the first two sentences of paragraph 12 of the

Complaint. The allegations in the third sentence of paragraph 12 are plaintiffs' legal conclusions to which no answer is required.

### Unduly Burdensome Registration Requirements

13. The allegations in paragraph 13 of the Complaint are plaintiffs' legal conclusions to which no answer is required. The District admits that the quoted text is contained in the referenced legislation.

14. The allegations in paragraph 14 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required.

15. The allegations in paragraph 15 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that the quoted text is contained in the referenced legislation and regulation, respectively.

16. The allegations in paragraph 16 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that the quoted text is contained in the referenced legislation.

17. The District admits that the quoted text is contained in the referenced legislation. The District admits that "[n]o public firing range exists in the District." The remaining allegations in paragraph 17 are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that "no public firing range exists in the District."

18. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 18 are plaintiffs' legal conclusions to which no answer is required.

19. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 19 are plaintiffs' legal conclusions to which no answer is

required.

20. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 20 are plaintiffs' legal conclusions to which no answer is required.

21. The District admits that the quoted text is contained in the referenced legislation.

22. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 22 are plaintiffs' legal conclusions to which no answer is required.

23. The allegations in paragraph 23 are plaintiffs' legal conclusions to which no answer is required.

24. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 24 are plaintiffs' legal conclusions to which no answer is required.

25. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 25 are plaintiffs' speculation to which no answer is required.

26. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 26 are plaintiffs' legal conclusions to which no answer is required.

27. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 27 are plaintiffs' legal conclusions to which no answer is required.

28. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 28 are plaintiffs' legal conclusions to which no answer is

required.

29. The allegations in paragraph 29 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

30. The District admits that the quoted text is contained in the referenced legislation.

31. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 31 are plaintiffs' legal conclusions to which no answer is required.

32. The allegations in paragraph 32 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

33. The allegations in paragraph 33 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

34. The allegations in the first sentence of paragraph 34 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required. The District admits the allegations in the second sentence of paragraph 34. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the third and fourth sentences of paragraph 34. The District admits the allegations in the fifth through eighth sentences of paragraph 34. The allegations in the ninth sentence of paragraph 34 are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that "the D.C.-approved course consisted of handgun training." The District admits the allegations in the tenth sentence of paragraph 34. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the eleventh sentence of paragraph 34.

35. The allegations in paragraph 35 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the

District denies the allegations.

## Prohibition of Commonly-Possessed Pistols Not on the California Roster

36. The District admits that the quoted text is contained in the referenced legislation.

37. The District admits that the quoted text is contained in the referenced legislation.

38. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 38 are plaintiffs' legal conclusions to which no answer is required.

39. The allegations in paragraph 39 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

40. The allegations in paragraph 40 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

41. The allegations in paragraph 41 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required.

42. The allegations in paragraph 42 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

43. The District admits the allegations in paragraph 43 of the Complaint to the extent they correctly reflect the referenced documents.

44. The allegations in the first sentence paragraph 44 of the Complaint are plaintiffs' legal conclusions to which no answer is required. The allegations in the second and third sentences of paragraph 44 are plaintiffs' factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

45. The allegations in paragraph 45 of the Complaint are plaintiffs' legal and factual conclusions and speculation to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

46. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 46 are plaintiffs' legal conclusions to which no answer is required.

47. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 47 are plaintiffs' legal conclusions to which no answer is required.

**Prohibition of Commonly-Possessed Firearms Denigrated as "Assault Weapons"**

48. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 48 are plaintiffs' legal conclusions to which no answer is required.

49. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 49 are plaintiffs' legal conclusions to which no answer is required.

50. The allegations in paragraph 50 of the Complaint are plaintiffs' legal and factual

conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

51. The District admits the allegations in paragraph 51 of the Complaint to the extent they correctly reflect the referenced documents.

52. The District admits the allegations in paragraph 52 of the Complaint to the extent they correctly reflect the referenced documents.

53. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 53 are plaintiffs' legal conclusions to which no answer is required. The District avers that plaintiffs' allegation regarding the religious affiliation of Uzi Gal—the German-born Israeli firearm designer—is immaterial.

54. The District admits the allegations in the first and third sentences of paragraph 54 of the Complaint to the extent they correctly reflect the referenced documents. The allegations in the second sentence of paragraph 54 are plaintiffs' factual conclusions to which no answer is required.

55. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 55 are plaintiffs' legal conclusions to which no answer is required.

56. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 56 are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

57. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 57 of the Complaint. The District

admits that "on or about February 24, 2009, Carter submitted to the Metropolitan Police Department an Application for Firearms Registration Certificate for the rifle for 'recreational activity, NRA range.'" The District admits the allegations in the third and fourth sentences of paragraph 57 to the extent they correctly reflect the referenced documents.

58. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 58 are plaintiffs' legal and factual conclusions to which no answer is required.

59. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 59 are plaintiffs' legal conclusions to which no answer is required.

60. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 60 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

61. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 61 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

62. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 62 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**Prohibition of Commonly-Possessed Magazines for Firearms**

63. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 63 are plaintiffs' legal conclusions to which no answer is required.

64. The allegations in paragraph 64 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required.

65. The allegations in the first sentence of paragraph 65 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations. The District admits the allegations in the second sentence of paragraph 65.

66. The District admits the allegations in paragraph 66 of the Complaint to the extent they correctly reflect the referenced documents.

67. The allegations in paragraph 67 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**COUNT ONE**

**(Unduly Burdensome Registration Requirements)**

68. The allegations in paragraph 68 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 67.

69. The allegations in paragraph 67 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

70. The allegations in paragraph 70 of the Complaint are plaintiffs' legal conclusions to

which no answer is required; however, to the extent a response is required, the District denies the allegations.

71. The allegations in paragraph 71 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

72. The allegations in paragraph 72 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT TWO

### (Prohibition on Commonly-Possessed Firearms and Magazines)

73. The allegations in paragraph 73 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 72.

74. The allegations in paragraph 74 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

75. The allegations in paragraph 75 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District admits that it denied the referenced applications, and denies the remainder of the allegations.

76. The allegations in paragraph 76 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT THREE

### (Provisions at Issue Are Not "Usual and Reasonable Police Regulations")

77. The allegations in paragraph 77 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 76.

78. The District admits that the quoted text is contained in the referenced legislation.

79. The allegations in paragraph 79 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

80. The allegations in paragraph 80 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

The allegations in the numbered paragraphs which appear directly following the word "WHEREFORE" are plaintiffs' prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiffs taking nothing by way of damages, fees, or costs against the District.

The District further answers that all allegations in the Complaint which are not specifically admitted or otherwise answered are hereby denied.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

**FOURTH DEFENSE**

The District and its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

**FIFTH DEFENSE**

Neither attorneys' fees nor costs are recoverable against the District in this case.

**SIXTH DEFENSE**

Plaintiffs may not have standing to proceed on all their claims.

**SEVENTH DEFENSE**

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), the defendants hereby demand trial by jury by the greatest number of jurors permitted by law on all claims.


DATE: April 8, 2009              Respectfully submitted,

                                 PETER J. NICKLES
                                 Attorney General for the District of Columbia

                                 GEORGE C. VALENTINE
                                 Deputy Attorney General, Civil Litigation Division

                                      /s/ Ellen A. Efros
                                 ELLEN A. EFROS, D.C. Bar No. 250746
                                 Chief, Equity Section I
                                 441 Fourth Street, N.W., 6th Floor South
                                 Washington, D.C. 20001
                                 Telephone: (202) 442-9886

       /s/ Andrew J. Saindon
      ANDREW J. SAINDON, D.C. Bar No. 456987
      Assistant Attorney General
      Equity I Section
      441 Fourth Street, N.W., 6th Floor South
      Washington, D.C. 20001
      Telephone: (202) 724-6643
      Facsimile: (202) 727-0431
      andy.saindon@dc.gov