UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| DICK ANTHONY HELLER, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civil Action No. 08-01289 (RMU) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

_____

## JOINT STATUS REPORT

Pursuant to the Minute Order of November 4, 2011, and the Joint Status Report of November 9, 2011, the parties herewith submit proposals for how the parties and the Court should proceed to resolve the issues in this case.  Although the parties have consulted in good faith, they have not been able to reach agreement on how the parties and the Court should proceed to resolve the issues in this case.

**<u>Plaintiffs' Proposal</u>**

Plaintiffs note that the court of appeals remanded the case to provide the District an opportunity to "demonstrate[] a close fit between [the novel registration requirements and any registration requirement as applied to long guns] and its governmental interests."  *Heller v. District of Columbia*, ___ F.3d ____, 2011 WL 4551558 at *10 (D.C. Cir. 2011).   To demonstrate the "close fit," the District "needs to present some meaningful evidence, not mere assertions, to justify its predictive judgments." *Id.* at *11.  Accordingly, Plaintiffs urge the court to adopt the following:

1) Plaintiffs will serve interrogatories, requests for production of documents, and requests for admissions on Defendants on or before January 13, 2012.[1]   Although Fed. R. Civ. 33 limits interrogatories to "no more than 25 written interrogatories, including all discrete subparts," because of the many provisions of the novel registration requirements and the registration requirements as applied to long guns concerning which the District must present meaningful evidence, Plaintiffs need to be able to submit up to 65 written interrogatories.  Defendants will serve their answers to interrogatories and their responses to requests for production of documents on Plaintiffs within 30 days of service.

2) If Plaintiffs, after reviewing Defendants' answers to interrogatories, responses to requests for production of documents, and responses to requests for admission need to serve additional interrogatories, and/or requests for production of documents, and/or requests for admission on Defendants, such additional interrogatories, and/or requests for production of documents, and/or requests for admission shall be served on Defendants on or before March 16, 2012, to which Defendants shall respond within 30 days.

3) If Plaintiffs do not serve additional interrogatories, and/or requests for production of documents, and/or requests for admission on Defendants, Plaintiffs may take depositions in March, 2012 at times and places to be agreed by the parties, and all discovery shall be completed by March 30, 2012.

4) If Plaintiffs serve additional interrogatories and/or requests for production of documents on Defendants, Plaintiffs may take depositions in May, 2012 at times and places to be agreed by the parties, and all discovery shall be completed by May 31, 2012.

---

[1]        Plaintiffs do not believe that discovery should be delayed because Councilman Mendelson has introduced a bill (described below), which, if enacted, may moot only two of the numerous provisions of the law which Plaintiffs are challenging.  Moreover, it is speculative whether the bill will even pass and, if so, what its final contents may be.

5) The parties will file motions for summary judgment within 45 days of completion of discovery, oppositions will be filed within 30 days of service of motions, and replies will be filed within 20 days of service of oppositions.

6) Plaintiffs may amend their complaint without further consent from Defendants and without requesting leave of court on or before January 13, 2012.

**Defendants' Proposal**

The D.C. Circuit affirmed in part, vacated in part, and remanded the case for the presentation of "additional evidence" regarding certain of the District's firearms-registration requirements. *Heller v. District of Columbia*, ___ F.3d ____, 2011 WL 4551558 at *8 & n.** (D.C. Cir. 2011).

On December 7, 2011, Councilmember Phil Mendelson introduced the District of Columbia Firearms Amendment Act of 2011, No. 19-614 (copy attached).[2] The bill, as introduced, would, *inter alia*, repeal the "better than or equal to" vision requirement for firearms registrants, *id*. at § 2(c), and repeal the requirement that registrants present pistols for ballistics identification, *id*. The Councilmember has indicated that he will schedule a hearing on the legislation for January 2012. *See, e.g.*, Tom Howell, Jr., *Council member's bill would ease D.C. gun restrictions*, Wash. Times, Dec. 6, 2011.[3]

If the bill is approved in its current form, the District avers that it would moot portions of plaintiffs' complaint. In any event, the legislative record developed will likely contain

---

[2]     Also available online at *http://www.dccouncil.us/files/user_uploads/related_materials/dec6_mendelson_firearmsamendmentact.pdf* (accessed Dec. 9, 201).

[3]     Available online at *http://www.washingtontimes.com/news/2011/dec/6/council-members-bill-would-ease-dc-gun-restriction/* (accessed Dec. 9, 2011).

"additional evidence" that the parties may wish to further explore. With a hearing to be scheduled in January, the earliest likely effective date of any legislation would be sometime in March, 2012.

While plaintiffs have indicated a desire to serve discovery on the District soon after the start of the New Year, in light of the substantial likelihood that the pending legislation will moot some of plaintiffs' claims or otherwise materially alter the case—and the evidentiary record—going forward, the District avers that it would be most efficient to postpone the beginning of discovery until March, 2012, at the earliest.

The District further suggests that, if discovery begins in March 2012, a six-month period is the minimum that such discovery should run (*i.e.*, through September, 2012). If the Court determines to allow discovery prior to March 2012, the District believes that additional time beyond six months should be allotted.

The District additionally suggests that a reasonable, simultaneous deadline—four months after the start of discovery—be set for the parties' Rule 26(a) disclosures, if any. Moreover, as plaintiffs have indicated an intent to seek upwards of 60 interrogatories, the District urges the Court to order that each party is limited to a maximum of 10 depositions and 25 interrogatories, document requests, and admissions.

Finally, the District agrees generally with the plaintiffs that the parties should file motions for summary judgment within 45 days of completion of discovery, file oppositions 30 days thereafter, and replies 20 days later.

DATE: December 9, 2011                              Respectfully submitted,

/s/ Richard E. Gardiner
Richard E. Gardiner, D.C. Bar No. 386915            IRVIN B. NATHAN
Suite 403                                           Attorney General for the District of Columbia
3925 Chain Bridge Road

Fairfax, VA 22030
(703) 352-7276
regardiner@cox.net


ELLEN A. EFROS
Deputy Attorney General
Public Interest Division


/s/ Stephen P. Halbrook
Stephen P. Halbrook, D.C. Bar No. 379799
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
protell@aol.com

*Counsel for Plaintiffs*


/s/ Grace Graham
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov


/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov


/s/ Chad A. Naso
Chad A. Naso [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov

*Counsel for Defendants*