UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

DICK ANTHONY HELLER, *et al.*,       )
                                     )
              Plaintiffs,            )
                                     )
       v.                            )      Civil Action No.08-01289 (RMU)
                                     )
DISTRICT OF COLUMBIA, *et al.*,      )
                                     )
              Defendants.            )
_____  )

### NOTICE OF FILING

The defendants respectfully note that the Council of the District of Columbia has unanimously approved, and Mayor Vincent Gray signed (on Friday, May 11, 2012), emergency legislation—the Firearms Emergency Amendment Act of 2012 (Bill No. 19-748)[1]—implementing the provisions of Bill No. 19-614, the Firearms Amendment Act of 2012 ("the Act")[2], "which was approved by the Council on 2nd reading on April 17, 2012." D.C. Res. No. 19-406, Firearms Amendment Emergency Declaration Resolution of 2012, 59 D.C. Reg. 3654 (Apr. 27, 2012).[3]

---

[1]     Available online at *http://dcclims1.dccouncil.us/images/00001/ 20120427132520.pdf* (last visited May 14, 2012).

[2]     Available online at *http://dcclims1.dccouncil.us/images/00001/ 20120313130952.pdf* (last visited May 14, 2012).

[3]     Available online at *http://www.dcregs.org/Notice/DownLoad.aspx? IssueFileID=24267* (last visited May 14, 2012).

The Council determined that "[t]here exists an immediate need to implement" the Act because, "in light of the 60-day Congressional review period and the Congressional calendar, Bill 19-614 would likely not be implemented until late fall." D.C. Res. 19-606, § 2(f).[4]

The Council took this action because the provisions in the permanent legislation "are necessary to *clarify and simplify* the [firearms] registration process . . . ." *Id.*, § 2(g) (emphasis added). The Act amends and/or repeals several provisions of District law challenged by the instant plaintiffs. Effective immediately, the Act, *inter alia*:

- Clarifies that the requirement to demonstrate knowledge of the District's firearms laws is a one-time requirement, per applicant (amending D.C. Code § 7-2502.03(a)(10));

- Repeals the requirement for a vision test (*id.*, § 7-2502.03(a)(11));

- Enlarges the list of methods by which applicants may demonstrate sufficient firearms training, including "a firearms training and safety class provided free of charge by the Chief [of the Metropolitan Police Department ("MPD");]" firearms training received in the U.S. military; or a license from another state for which at-least-equal firearms training is required (*id.*, §7-2502.03(a)(13));

- Repeals the requirement that each pistol be submitted for ballistic identification as part of the registration process (*id.*, § 7-2502.03(d));

---

[4]        Emergency legislation takes effect immediately, and is effective for no more than 90 days. D.C. Official Code § 1-206.02(c)(1). *See, generally, United States v. Alston*, 580 A.2d 587 (D.C. 1990). Otherwise, the Home Rule Act requires all legislation enacted by the District to undergo a 30-day period of review before Congress, D.C. Official Code § 1-206.02(c)(1) (2006 Repl.), and all legislation regarding Titles 22, 23, or 24 (*i.e.*, laws affecting crimes, criminal procedures, or prisoners) to undergo a 60-day period of review. *Id.*, § 1-206.02(c)(2). The congressional-review period is counted in "legislative" days (days in which both houses of Congress are in session). *Id.*, § 1-206.02(c)(1). *See also National Black Police Ass'n v. District of Columbia Bd. of Elections & Ethics*, 168 F.3d 525, 527 (D.C. Cir. 1999) ("The District is required to submit Council-enacted laws to Congress for a thirty-day period that excludes Saturdays, Sundays, holidays, and days when Congress is in recess or not in session; a law will only take effect if Congress does not enact a joint resolution of disapproval during the thirty-day period."). Thus, absent action by Congress here, the permanent legislation (Bill 19-614) will eventually become law, assuming signature by the Mayor.

- Eliminates the requirement that registrants produce photographs and instead requires the MPD to take a digitalized photograph and fingerprints at the time of registration (*id.*, § 7-2502.04(a) & (b));

- Clarifies that renewal of registration may be completed online, by mail, or in-person (*id.*, § 7-2502.07a(c)); and

- Eliminates the requirement that registrants undergo a criminal background check every 6 years (*id.*, § 7-2502.07a(d)).

Late last year, the Council's Committee on the Judiciary noticed a public hearing on the Act, inviting testimony on the legislation "and also generally testimony regarding the gun control laws of the District." Notice of Public Hearing, 58 D.C. Reg. 10561 (Dec. 16, 2011).

The Committee held that public hearing on January 30, 2012, at which it heard from numerous witnesses—including the instant plaintiffs Heller and Jordan, and Cathy Lanier, Chief of the MPD. *See* Witness List, Committee on the Judiciary, Public Hearing (Jan. 30, 2012), *available online at* http://dccouncil.us/files/user_uploads/event_testimony/jan30_judiciary_ gunoffender_witnesslist.pdf (last visited May 14, 2012).[5]

The Committee's Report on the Act, dated February 29, 2012, discusses the extensive legislative record, the Committee's findings with respect to the Act, and the District's firearm registration laws generally.

A copy of the Act, as signed by the Mayor, is attached hereto as Exhibit A.


DATE: May 14, 2012                          Respectfully submitted,

                                            IRVIN B. NATHAN
                                            Attorney General for the District of Columbia

---

[5]      The Council received written comments and testimony from a number of witnesses, including several who testified at the public hearing. These documents are appended to the Committee Report, which runs to over 150 pages, and is available online at *http://dcclims1.dccouncil.us/images/00001/20120430145205.pdf* (last visited May 14, 2012).

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

_____/s/ Grace Graham_____
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov

_____/s/ Chad A. Naso_____
Chad A. Naso [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov

*Counsel for Defendants*