UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
DICK ANTHONY HELLER, *et al.*,      )
                                )
            Plaintiffs,       )     Civil Action No. 08-01289 (JEB)
                                )
      v.                   )     **Jury Trial Demanded**
                                )
DISTRICT OF COLUMBIA, *et al.*,      )
                                )
         Defendants.     )
_____)

## ANSWER TO THIRD AMENDED COMPLAINT

       Pursuant to Fed. R. Civ. P. 7(a) and 8(b), the District of Columbia and Mayor Vincent C. Gray (collectively, "the District"), by and through undersigned counsel, hereby respectfully answer the Third Amended Complaint ("Complaint") in the above-captioned case (comprising 21 pages, and 102 numbered and unnumbered paragraphs). For ease of reference only, the District utilizes the headings appearing in the Complaint in responding to the paragraphs of the Complaint below.

## FIRST DEFENSE

       The Complaint fails to state a claim upon which relief can be granted against the District.

## SECOND DEFENSE

       In response to the numbered allegations of the Complaint, the District states as follows:

### THIRD AMENDED COMPLAINT

### (For Declaratory Judgment, Injunctive Relief, and Writ of Mandamus)

       1.  The allegations in paragraph 1 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

**Parties**

2.   The District admits the allegations in paragraph 2 of the Complaint.

3.   The District admits the allegations in paragraph 3 of the Complaint.

4.   The District admits the allegations in paragraph 4 of the Complaint.

5.   The District admits the allegations in paragraph 5 of the Complaint, and avers that if plaintiff Snyder is no long a resident of the District of Columbia, he lacks standing.

6.   The District admits the allegations in paragraph 6 of the Complaint.

7.   The District admits the allegations in paragraph 7 of the Complaint.

8.   The allegations in paragraph 8 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

9.   The District admits that it is "a municipality organized under the Constitution and laws of the United States[.]" The remaining allegations in paragraph 9 are plaintiffs' factual characterizations and legal conclusions to which no answer is required.

10. The District admits the allegations in the first sentence of paragraph 10 of the Complaint. The allegations in the second sentence of paragraph 10 are plaintiffs' legal conclusions to which no answer is required.

**Jurisdiction**

11. The allegations in paragraph 11 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

12. The allegations in paragraph 12 of the Complaint are plaintiffs' legal characterizations and conclusions to which no answer is required; however, to the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

**Background**

13. The District admits that the quoted text is contained in the referenced decision. The remaining allegations in paragraph 13 are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

14. The District admits the allegations in paragraph 14 of the Complaint.

15. The District admits the allegations in paragraph 15 of the Complaint.

16. The District admits the allegations in paragraph 16 of the Complaint.

17. The District admits the allegations in paragraph 17 of the Complaint.

18. The allegations in paragraph 18 of the Complaint are plaintiffs' legal characterizations and conclusions to which no answer is required.

**Unduly Burdensome Registration Requirements**

19. The District admits that the quoted text is contained in the referenced legislation, and respectfully refers the Court to the referenced legislation for the full and complete contents thereof. The remaining allegations in paragraph 19 are plaintiffs' legal conclusions to which no answer is required.

20. The allegations in paragraph 20 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

21. The allegations in paragraph 21 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

22. The allegations in paragraph 22 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

23. The allegations in paragraph 23 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

24. The allegations in paragraph 24 of the Complaint are a *non sequitur* and plaintiffs' factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

25. The District admits that the quoted text is contained in the referenced regulation, and respectfully refers the Court to the referenced regulation for the full and complete contents thereof.

26. The allegations in paragraph 26 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

27. The allegations in paragraph 27 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

28. The District admits that the quoted text is contained in the referenced legislation, and respectfully refers the Court to the referenced legislation for the full and complete contents thereof.

29. The allegations in paragraph 29 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

30. The allegations in paragraph 30 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

31. The District admits that the quoted text is contained in the referenced legislation, and respectfully refers the Court to the referenced legislation for the full and complete contents thereof.

32. The allegations in paragraph 32 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

33. The allegations in paragraph 33 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

34. The District admits the allegations in paragraph 34 of the Complaint to the extent they correctly reflect the referenced legislation.

35. The allegations in paragraph 35 of the Complaint are plaintiffs' legal conclusions and factual characterizations to which no answer is required.

36. The District admits that the quoted text is contained in the referenced legislation.

37. The allegations in paragraph 37 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

38. The District admits that the quoted text is contained in the referenced legislation.

39. The District admits the allegations in paragraph 39 of the Complaint.

40. The allegations in paragraph 40 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

41. The District admits that the quoted text appears in the referenced legislation and that the fee is currently $13 for each firearm registered. The remaining allegations in paragraph 41 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

42. The allegations in paragraph 42 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

43. The District admits, generally, that requirements to register a firearm are imposed in Chapter 23 of Title 24 of the District of Columbia Municipal Regulations.

44. The District admits the allegations in paragraph 44 of the Complaint to the extent they correctly reflect the referenced legislation.

45. The allegations in paragraph 45 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

46. The District admits that the quoted text appears in the referenced legislation, but the remainder of the allegations in paragraph 46 of the Complaint are plaintiffs' factual

characterizations and legal conclusions to which no answer is required.

47. The District admits that the quoted text is contained in the referenced legislation; the remaining allegations in paragraph 47 are plaintiffs' legal conclusions to which no answer is required.

48. The allegations in paragraph 48 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

49. The District admits the allegations in paragraph 49 of the Complaint to the extent they correctly reflect the referenced legislation.

50. The allegations in paragraph 50 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

51. The District admits that the quoted text is contained in the referenced legislation.

52. The allegations in paragraph 52 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

53. The District admits that the quoted text is contained in the referenced legislation. The remaining allegations in paragraph 53 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

54. The allegations in paragraph 54 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

55. The allegations in paragraph 55 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

56. The District admits that the quoted text is contained in the referenced legislation. The remaining allegations in paragraph 56 of the Complaint are plaintiffs' legal speculation to which no

answer is required; however, to the extent a response is required, the District denies the allegations.

57. The allegations in paragraph 57 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

58. The allegations in paragraph 58 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

59. The allegations in paragraph 59 are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**Prohibition of Commonly-Possessed
Firearms Denigrated as "Assault Weapons"**

60. The plaintiffs are precluded from proceeding on their claims regarding assault weapons, which claims have been previously rejected by the Circuit, hence are law of the case. *See Heller v. District of Columbia*, 670 F.3d 1244, 1262–63 (D.C. Cir. 2011).

61. See response to paragraph 60.

62. See response to paragraph 60.

63. See response to paragraph 60.

64. See response to paragraph 60.

65. See response to paragraph 60.

66. See response to paragraph 60.

67. See response to paragraph 60.

68. See response to paragraph 60.

**Prohibition of Commonly-Possessed Magazines for Firearms**

69. The plaintiffs are precluded from proceeding on their claims regarding commonly-possessed magazines for firearms, which claims have been previously rejected by the Circuit, hence

are law of the case. *See Heller v. District of Columbia*, 670 F.3d 1244, 1263–64 (D.C. Cir. 2011).

70. See response to paragraph 69.

71. See response to paragraph 69.

72. See response to paragraph 69.

73. See response to paragraph 69.

## COUNT ONE

**(Unduly Burdensome Registration Requirements Violative of the Second Amendment)**

74. The allegations in paragraph 74 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 73.

75. The allegations in paragraph 75 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

76. The allegations in paragraph 76 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

77. The allegations in paragraph 77 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

78. The allegations in paragraph 78 of the Complaint, including all subparts thereof, are plaintiffs' factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

The allegations in the unnumbered paragraph beginning "Accordingly" are plaintiffs' legal

conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**COUNT TWO**

**(Prohibition on Commonly-Possessed Firearms and Magazines)**

79. The allegations in paragraph 79 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 78.

80. The plaintiffs are precluded from proceeding on their claims regarding assault weapons and commonly-possessed firearms and magazines, which claims have been previously rejected by the Circuit, hence are law of the case. *See Heller v. District of Columbia*, 670 F.3d 1244, 1262–64 (D.C. Cir. 2011).

81. See response to paragraph 80.

82. See response to paragraph 80.

The allegations in the six (6) numbered paragraphs which appear directly following the word "WHEREFORE" are plaintiffs' prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiffs taking nothing by way of damages, fees, or costs against the District.

The District further answers that all allegations in the Complaint which are not specifically admitted or otherwise answered are hereby denied.

**THIRD DEFENSE**

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

## FOURTH DEFENSE

The District and its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

## FIFTH DEFENSE

Neither attorneys' fees nor costs are recoverable against the District in this case.

## SIXTH DEFENSE

Plaintiffs may not have standing to proceed on all of their claims.

## SEVENTH DEFENSE

Plaintiffs are precluded by *res judicata* from proceeding on all of their claims.

## EIGHTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), the Defendants hereby demand trial by jury by the greatest number of jurors permitted by law on all claims.

DATE: August 17, 2012          Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

_____/s/ Grace Graham_____
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001

Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov


_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov


_____/s/ Chad A. Naso_____
CHAD A. NASO [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2012, a copy of the foregoing was served upon the Court and counsel of record by way of the Court's ECF system.


*/s/  Chad A. Naso*
Chad A. Naso
Assistant Attorney General