UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DICK ANTHONY HELLER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 08-01289 (JEB) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## **LOCAL RULE 16.3 REPORT**

Pursuant to the Court's Minute Order of August 20, 2012, LCvR 16.3, and Fed. R. Civ. P. 26(f), counsel for the Plaintiffs and for Defendants in the above-captioned action met telephonically on August 27, 2012 and conferred concerning the matters set forth in Local Rule 16.3(c) and hereby submit the following report. In addition, a proposed Scheduling Order is attached hereto for the Court's consideration.

*(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The parties agree that this case is likely to be disposed of by motion for summary judgment. No such motion currently is pending before the Court, as discovery has not been undertaken.

*(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties are unaware of a need for further joinder of additional parties or of any particular need for further amendments to the pleadings at this time.

*(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not consent to assigning this case to a magistrate judge.

*(4) Whether there is a realistic possibility of settling the case.*

Although the parties would prefer to resolve the dispute amicably, they do not believe that there is a realistic possibility of settling the case at this time.

*(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The parties do not believe the case would benefit from the Court's ADR procedures at this time.

*(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The parties agree that this action may be resolved in whole or in part by motion for summary judgment. The parties do not believe that this case may be disposed of by a motion to dismiss. As set forth in the attached proposed scheduling order, the parties propose that motions for summary judgment should be filed no later than May 9, 2013, following the close of discovery. The parties further propose that the opposing party should file an opposition within 35 days thereafter and that a reply should be filed within 20 days thereafter.

*(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties have agreed to waive initial disclosures.

*(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

As set forth in the attached proposed scheduling order, the parties believe that discovery should commence on September 24, 2012, and that all discovery, including expert discovery, should be completed by March 25, 2013.

Without prejudice to future requests for modification, the parties believe that the limitations on interrogatories per side, pursuant to Fed. R. Civ. P. 33(a)(1), and depositions per side, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i), are appropriate.

*(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

The parties agree that expert reports, as required under Fed. R. Civ. P. 26(a)(2), shall be exchanged no later than January 24, 2013. *See* proposed scheduling order (attached). Rebuttal expert reports, if rebuttal experts are to be used, should be exchanged pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii). Depositions of expert witnesses shall commence no earlier than February 25, 2013.

*(10) In class actions, appropriate procedures for dealing with Rule 23, Fed.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This is not a class action.

*(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and specific proposal for such bifurcation.*

The parties see no present need for bifurcation.

*(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties propose that a pretrial conference be held no sooner than 60 days following the Court's decision on any post-discovery motion for summary judgment, or within 60 days of the close of discovery, if no motion for summary judgment is filed.

*(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties believe it is premature to set a trial date at this time.

*(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

No other matters at this time.

    Respectfully submitted, this 5th day of September, 2012.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of September, 2012, a copy of the foregoing was served upon the Court and counsel of record by way of the Court's ECF system.

      _/s/ Chad A. Naso_____
Chad A. Naso
Assistant Attorney General