IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DICK ANTHONY HELLER, *et al.*   )
            )
  Plaintiffs       )
            )
    v.        )  No. 1:08-cv-01289
            )
THE DISTRICT OF COLUMBIA, *et al.*  )
            )
  Defendants      )

**PLAINTIFFS' MOTION TO STRIKE
EXPERT REPORT OF JOSEPH J. VINCE, JR.**

COME NOW Plaintiffs, by counsel, and move the court, pursuant to Fed. R. Civ. P. 37(c)(1)(C) and (b)(2)(A)(iii),  to strike the purported expert report of Joseph J. Vince, Jr.  The court should strike the Vince Report because it fails to comply with the Rules requiring that an expert report include "the facts or data considered by the witness in forming" his opinions, because it is not the "product of reliable principles and methods," which have been applied "reliably to the facts of the case," and because it includes legal conclusions.  Furthermore, the Vince Report is wholly inadequate to satisfy the standard of review and evidentiary requirements that the D.C. Circuit has specifically declared must be applied on this remand.

The parties discussed the motion as required by LcvR 7(m) and the motion is opposed.

<u>ISSUES TO BE CONSIDERED ON REMAND AND STANDARD OF REVIEW</u>

The D.C. Circuit remanded this case for evidentiary proceedings regarding the constitutionality of several specific sections of the D.C. firearms laws, including the "novel registration requirements, and all registration requirements as applied to long guns."  *Heller v. District of Columbia*, 670 F.3d 1244, 1260

(D.C. Cir. 2011).  On remand, this Court must consider at least the following:[1]

- All registration requirements for long guns, including § 7-2502.01(a) (basic registration), and § 7-2502.03(b), the requirement that an applicant for registration must provide name, address, occupation and employer, date and place of birth, sex, previous denials or revocations of a firearm permit or license, any firearm mishaps, firearm description, firearm transferor, where the firearm is kept, other registrations, and other information the Chief deems necessary.

- § 7-2502.03(a)(10) – requirement that the applicant demonstrate knowledge of D.C. firearms laws

- § 7-2502.03(a)(11) – vision requirement

- § 7-2502.03(a)(13)(A) – training requirement

- § 7-2502.03(e) – ban on registering more than one pistol in 30 days

- § 7-2502.04 – requirement that applicants be fingerprinted and photographed, that application must be made in person, and that the firearm must be brought to police headquarters to register it

- § 7-2502.07a – registration expires every three years, and affirmative renewal of registration is required for every firearm every three years

The D.C. Circuit noted that the District had advanced two "governmental interests it may have in the registration requirements, *viz.*, to protect police officers and to aid in crime control." *Heller v. District of Columbia*, 670 F.3d at 1258.  Under intermediate scrutiny, the District is required to demonstrate "a *close fit* between those requirements and its governmental interests." *Id.*  (emphasis added).  "[T]he District must

---

[1] These issues vary somewhat from the D.C. Circuit's list due to changes to the firearms laws made by the District after the Court of Appeals opinion was issued.  *See* Third Amended Complaint for a complete list of sections challenged.

establish a tight 'fit' between the registration requirements and an important or substantial governmental interest, a fit 'that employs not necessarily the least restrictive means but ... a means narrowly tailored to achieve the desired objective.'" *Id.* (citation omitted).   Although the District had presented "cursory rationales" for some registration requirements, the District had "fail[ed] to present *any data or other evidence* to substantiate its claim that these requirements can reasonably be expected to promote" the asserted governmental interests. *Id.* at 1259 (emphasis added).   Observing that in the prior proceedings the District had "not supplied evidence adequate to show a substantial relationship between any of the novel registration requirements and an important governmental interest," the D.C. Circuit stressed that on remand "the District needs to present some *meaningful evidence, not mere assertions*, to justify its predictive judgments." *Id.* at 1259 (emphasis added).

<u>APPLICABLE LAW REGARDING EXPERTS</u>

Fed. R. Civ. P. 26(a)(2)(B) provides:

Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 37(c)(1)(C) provides:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

* * *

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(b)(2)(A)(iii) provides that the court may sanction a party by  "(iii) striking

pleadings in whole or in part . . . ."

Fed.R. Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to *understand the evidence or to determine a fact in issue*, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. (Emphasis added).

Fed.R. Evid. 704(a) provides:

(a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

Whether expert opinion testimony is "otherwise admissible" depends, in part, on:

whether it will "assist the trier of fact" in either "understand[ing] the evidence or ... determin[ing] a fact in issue." See FED.R.EVID. 702.  Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect, and thus it is not "otherwise admissible."

*Burkhart v. Washington Metropolitan Area Transit Authority,* 112 F.3d 1207, 1212 (D.D.C. 1997).

The facts which the trier of fact here must consider is "evidence adequate to show a substantial

relationship between any of the novel registration requirements and an important governmental interest."

*Heller v. District of Columbia,* 670 F.3d at 1259.  See also discussion above.  For the reasons that follow, Vince's Report does not comply with Fed. R. Civ. P. 26(a)(2)(B) or Fed.R. Evid. 702, and should be stricken.  See *Filing* v. *Phipps,* No. 11–4157, 2012 WL 5200375, *3 (6th Cir. 2012) (affirming striking of expert report and quoting *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir.1997) ("testimony offering nothing more than a legal conclusion—i.e., testimony that does little more than tell the jury what result to reach—is properly excludable" under Rule 702)).

## ARGUMENT

### 1.  The Report contains no facts or data supporting the expert's opinions.

The Report is devoid of "facts or data considered by the witness" in forming his "opinions."  Fed. R. Civ. P. 26(a)(2)(B).[2]  The court is not required to "admit opinion evidence that is connected to existing data only by the ipse dixit of the expert."  *Gen. Elec. Co.* v. *Joiner*, 522 U.S. 136, 146 (1997), quoted in *Estate of Gaither v. District of Columbia,* 831 F. Supp.2d 56, 66 (D. D.C. 2011) (precluding purported expert from testifying as to her opinion).  Here, there are no data at all, only the ipse dixit.

The closest the Report comes to "facts or data" are the bald unsupported statements that "numerous studies show that having guns in homes with children seriously increases the risk of deadly accidents" (Report 6) and that, in Michigan, "many citizens have been able to properly report the correct description of their stolen firearms because the State maintained accurate information in their registration files."  Report 7.  However, the "numerous studies" are not identified, and no data in support of the assertions regarding Michigan are provided or referenced.  These statements plainly do not reveal the "facts or data considered by the witness," and thus do not comply with Fed. R. Civ. P. 26(a)(2)(B).

Vince also alludes to "[r]esearch that I have participated in or examined" (Report 5), but does not

---

[2]   Thus, the Report also does not comply with the requirement of Fed.R. Evid. 702 that an opinion be "based upon sufficient facts or data . . . ."

identify that purported research.  He asserts that, "[i]n my experience, jurisdictions that do not require in-person registration and ID verification are far less effective at preventing the diversion of firearms for illegal purposes" (Report 5), but does not identify the jurisdictions to which he alludes, nor any factual basis for the assertion that they are "far less effective."  He posits that he has "seen first-hand how failing to notify police agencies of the theft of a weapon has resulted in homicides that could have been prevented with proper notification" (Report 7), but does not identify the anecdotal instances to which he refers, much less any hard data.  All of these statements fail to comply with Fed. R. Civ. P. 26(a)(2)(B)(ii).  As in *Estate of Gaither*, *supra*, the court "is left only with [Vince's] unvarnished opinion . . . ." 831 F. Supp.2d at 66.

The D.C. Circuit has mandated that, for each separate registration requirement at issue, the District must present "data" and "meaningful evidence" that establishes a "tight" or "close" fit between its requirement and the governmental interest allegedly subserved.  Putting mere conclusions in the mouth of an expert witness, without supporting data, cannot substitute for actual evidence.

2. The Report contains no principles or methods to arrive at conclusions, but relies on unsupported assertions and  anecdotes.

The Report is not "the product of reliable principles and methods" and Vince has not "applied the principles and methods reliably to the facts of the case."[3]  On the contrary, the Report is bereft of any "principles and methods" of analysis, let alone "reliable principles and methods," and is nothing more than the expression of Vince's personal legislative policy preferences or subjective conclusions.[4]

---

[3]  It is the duty of the court to "'evaluate the reliability of the testimony before allowing its admission at trial.' *United States* v. *Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1063, 125 S.Ct. 2516, 161 L.Ed.2d 1114 (2005)." *Estate of Gaither,* 831 F. Supp.2d at 62.

[4]  Experience alone is not "'a sufficient foundation rendering reliable any conceivable opinion the expert may express.' *Frazier*, 387 F.3d at 1261.  Even when an expert relies upon her experience, 'the reliability criterion remains a discrete, independent, and important requirement for admissibility.' *Id*." *Estate of Gaither,* 831 F. Supp.2d at 68-69.

For example, Vince states that the laws at issue are "a reasonable, practicable, and enforceable manner at (*sic*) reducing firearms-related violence." Report 3.  He also states (with respect to registration of rifles and shotguns) that "it makes sense" to subject rifles and shotguns to the same regulatory requirements as handguns (Report 4) and that "it makes particular sense" for the District to require the registration of long guns.  Report 5.  With respect to the District's law limiting handgun registration to one every 30 days, Vince states that "I believe" that is "an effective means" of limiting "illegal trafficking." Report 5.  Concerning in-person registration, Vince states that it is "my opinion" that in-person registration is "entirely reasonable."  Report 5.  As to requiring firearms registrants to take a safety course, Vince states that it is "just common sense" to require firearms registrants to take a safety course.  Report 6.  Finally, Vince states that it is "just common sense" to require firearms registrants to notify police of the theft, loss, destruction, sale, or other transfer of a firearm.  Report 6.

These are precisely the sorts of "cursory rationales" and "mere assertions" condemned as insufficient by the D.C. Circuit, and do not constitute the kind of "data" or "meaningful evidence" that the D.C. Circuit required for the District to justify its registration requirements.  *Heller v. District of Columbia*, 670 F.3d at 1259.  Data must be marshaled before reliable principles and methods can be reliably applied.  Here, there are no data, and no attempt whatsoever to apply accepted analytic methodologies of criminology or social science to any data.

### 3.  The Report consists of legal conclusions.

The Report's conclusions are legal conclusions, and erroneous ones at that.  For example, Vince states: "I do not believe" that the challenged laws "are 'overly burdensome' or too onerous to deny any citizen their Second Amendment rights of firearms ownership." Report 3.[5]  Further, after asserting that,

---

[5]  Vince's legal conclusions do not even express the correct legal standard.  See *Heller,* 670 F.3d at 1258 ("the District must establish a tight 'fit' between the registration requirements and an important or substantial governmental interest, a fit 'that employs not necessarily the least restrictive means but . .

"[a]s a society, we have found it prudent and beneficial for citizens to obtain a license to operate a motor vehicle," Vince states: "Common sense tells us that it cannot be more 'overly burdensome' for one to be equally skilled in the handling of a firearm." Report 6.[6]  In the "Summary," Vince states that he "find[s]" the challenged laws "to be reasonable, sensible, and enforceable" and that he "found nothing in the District's laws and regulations that are overly burdensome or prohibit a citizen's Second Amendment right . . . ." Report 7.

Other than as discussed above, there is nothing substantive in the Report.  The parts discussed that are "substantive" are based on no facts or data, consist of mere assertions, apply no social science or criminological principles or methodologies, and contain legal conclusions based on erroneous legal standards.  Accordingly, Vince's Report is grossly deficient under the express requirements of the Rules of Civil Procedure and Rules of Evidence, contravenes the standards enunciated by the D.C. Circuit for this remand, and should be stricken.

CONCLUSION

As Vince's Report manifestly fails to comply with the requirements for experts and expert reports, it should be stricken.

---

. a means narrowly tailored to achieve the desired objective.'").

[6]  There is no meaningful comparison between operating a motor vehicle on the public streets, for which a license is required, and possessing a firearm in the home, as one does not need a license merely to possess a motor vehicle at one's home.  Furthermore, in expert testimony "common sense" does not substitute for data, and does not displace the legal standard for heightened constitutional review of a fundamental right.

Respectfully submitted,

Dick Anthony Heller
Absalom F. Jordan, Jr.
William Carter
William Scott
Asar Mustafa

By counsel

/S/Stephen P. Halbrook
Stephen P. Halbrook
D.C. Bar No. 379799

/S/ Richard E. Gardiner
Richard E. Gardiner
D.C. Bar No. 386915

Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)