# EXHIBIT C

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  | ) |  |
|---|---|---|
| DICK ANTHONY HELLER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-01289 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____ )

DEFENDANTS THE DISTRICT OF COLUMBIA AND MAYOR VINCENT C. GRAY'S
RESPONSES TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 33(b) and 34(b), defendants the District of Columbia and Mayor

Vincent C. Gray (collectively the "District"), by and through counsel, hereby respond to Plaintiffs' First

Request for Production of Documents.

(1)     The information supplied in these responses is not based solely on the knowledge of the

executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless

privileged.

(2)     The word usage and sentence structure may be that of the attorney assisting in the

preparation of these responses and does not necessarily purport to be the precise language of the executing

party.

(3)     For any additional responsive information that may be available through deposition

testimonies, the District incorporates such information for purposes of giving the parties notice that such

information exists, but does not adopt such testimony as accurate and complete.

GENERAL OBJECTIONS

The District's General Objections set forth herein, are to be considered continuing objections and/or assertions of privilege and responses to each and every specific discovery request that follows. That some of these General Objections are not restated in response to particular requests does not waive the assertion and application of the General Objections. The District's objections and responses given herein shall not prejudice any objection and/or assertion of privilege they may later assert in any context. Moreover, the District responds to the instant discovery subject to the accompanying objections, without waiving and expressly preserving all objections.

1.      The District objects to the instructions propounded by Plaintiffs to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Columbia. Included in the instructions objected to are Plaintiffs' definitions, which purport to assign to words and phrases meanings other than those generally understood or used in common parlance.

2.      The District objects to this discovery to the extent that it inquires into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative-process privilege, legislative privilege, informant's privilege, law enforcement privilege, prosecutorial privilege, spousal privilege, Privacy Act, District of Columbia Municipal Regulations, D.C. Office of Human Resources rules and/or regulations, the work-product doctrine, and/or any other applicable privilege or similar protection. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

3.      The District objects to Plaintiffs' discovery requests to the extent that they seek information relating to events, policies or procedures that occurred or were in use at times other than

–2–

those relevant to the allegations in the Complaint. The District objects to this discovery to the extent that it seeks disclosure of confidential material or information in the absence of a protective order.

4.      In responding to these requests, the District does not waive, but retains and preserves any and all objections to the materiality, and/or relevance of the information provided.

5.      In responding to this discovery, the District does not concede or admit any premise, proposition, or characterizations contained in any request or any pleading in this or any other matter.

6.      In seeking the disclosure Plaintiffs seek hereby, Plaintiffs are understood to waive any and all privileges, protections or claims regarding or relating to the subject of the disclosure.

7.      The District objects to this discovery insofar as it is overbroad, unduly burdensome or vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information immaterial, irrelevant to, or otherwise inadmissible in this litigation.

8.      The District understands that Plaintiffs' requests are not intended to seek communications or documents that are protected by the attorney-client privilege or protected by the work product doctrine and object to Plaintiffs' requests insofar as they could be read to seek such protected information.

9.      The District objects to these requests to the extent they are vague, ambiguous, irrelevant, and/or overly broad.

10.     The District objects to the Requests for Production of Documents that seek "[a]ll studies, data, and other evidence" as overly broad and premature. The term "[a]ll studies, data, and other evidence" encompasses literally all documents—from anywhere—involving the referenced topics, hence is public-record information equally available to the plaintiffs.

11.     To the extent Requests for Production of Documents Nos. 50 through 54 seek documents in the possession of the Council not part of the official legislative record, if such documents exist, they would likely be protected by one or more legislative privileges.

12.     The responses to these requests are accurate to the best of the District's knowledge as of this date. The District's investigation, however, is continuing, and the District may obtain additional information relevant to the subject matter of this action through discovery and further review of documents. The District will produce additional responsive information, if necessary, and reserves the right to rely on subsequently discovered information. The District will not provide copies of documents that are a matter of public record or already in plaintiffs' (or their attorneys') possession, which includes the public legislative record of any legislation challenged or referenced in the Complaint.

13.     The District reserves the right to object to the use of its responses to these requests in any proceedings other than the above-captioned case.

14.     The District objects to these requests to the extent that they seek information or documents not reasonably calculated to lead to the discovery of admissible evidence.

15.     Each and every response herein is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular discovery response is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.


## OBJECTIONS AND RESPONSES TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Doc. Req. No. 1</u>: The test to demonstrate knowledge of D.C. firearms laws.

Response: Subject to and without waiving its general and specific objections, the District herein provides non-privileged documents which are responsive to Doc. Req. No. 1 and in the defendant's possession, custody and control, at HELLER DC 000066–69.

Doc. Req. No. 2: All documents, including videos, which are used to conduct the firearms safety and training class referenced in D.C. Code § 7–2502.03(a)(13)(A).

Response: Subject to and without waiving its general and specific objections, the District notes that the firearms safety training course is available to the public online at *http://mpdc.dc.gov/service/firearm-registration-district-columbia*. The training is also available to the public at the office of the Metropolitan Police Department's Firearms Registration Section at 300 Indiana Avenue, NW, 2nd Floor, at which two computers are available for viewing the training. Also, see HELLER DC 000022–34.

Doc. Req. No. 3: All studies, data, and other evidence that show that firearm registration systems assist law enforcement to trace firearms recovered at crime scenes.

Response: The District objects to Doc. Req. No. 3 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 4: All studies, data, and other evidence that show that firearm registration systems discourage illegal firearms sales.

Response: The District objects to Doc. Req. No. 4 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 5</u>: All studies, data, and other evidence that show that verifying the eligibility of an individual to legally possess a handgun, beyond the verification requirements imposed by federal law, reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 5 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 6</u>: All studies, data, and other evidence that show that verifying the eligibility of an individual to legally possess a rifle or shotgun, beyond the verification requirements imposed by federal law, reduced the use of rifles/shotguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 6 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 7</u>: All studies, data, and other evidence that show that laws restricting multiple purchases or sales of handguns reduce the number of firearms entering the illegal market, stem the unlawful flow of firearms between states, or promote any other governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 7 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 8</u>: All studies, data, and other evidence that show that handguns sold in multiple sales to the same individual purchaser within a specified time period are more frequently used in crime.

<u>Response</u>: The District objects to Doc. Req. No. 8 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 9</u>: All studies, data, and other evidence that show that laws restricting handguns sold in multiple sales to the same individual purchaser within a specified time period reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 9 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 10</u>: All studies, data, and other evidence that show that laws requiring a person who registered a pistol to wait 30 days, or other specified time period, to register another one, as in D.C. Code § 7–2502.03(e), reduced the use of pistols in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 10 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 11: All studies, data, and other evidence that show that laws requiring that registrants of handguns re-register each handgun periodically, such as every three years as in D.C. Code § 7–2502.07a(a)–(c), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 11 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 12: All studies, data, and other evidence that show that laws requiring that registrants of rifles and/or shotguns re-register each rifle or shotgun periodically, such as every three years as in D.C. Code § 7–2502.07a(a)–(c), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 12 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 13: All studies, data, and other evidence that show that laws requiring that applicants for registration of handguns demonstrate a knowledge of the jurisdiction's firearms laws, as in D.C. Code § 7-2502.03(a)(10), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 13 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 14</u>: All studies, data, and other evidence that show that laws requiring that applicants for registration of rifles and/or shotguns demonstrate a knowledge of the jurisdiction's firearms laws, as in D.C. Code § 7-2502.03(a)(10), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 14 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 15</u>: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns to demonstrate a knowledge of the safe and responsible use, handling, and storage of firearms in accordance with training, tests, and standards prescribed by police, as in D.C. Code § 7-2502.03(a)(10), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 15 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 16</u>: All studies, data, and other evidence that show that laws requiring applicants for registration of rifles and/or shotguns to demonstrate a knowledge of the safe and responsible use, handling, and storage of firearms in accordance with training, tests, and standards prescribed by police, as in D.C. Code § 7-2502.03(a)(10), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 16 as vague, overbroad and unduly

burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 17: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns to be fingerprinted, as in D.C. Code § 7–2502.04(a), reduced the use of handguns in crime,  protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 17 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 18: All studies, data, and other evidence that show that laws requiring applicants for registration of rifles and/or shotguns to be fingerprinted, as in D.C. Code § 7–2502.04(a), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 18 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 19: All studies, data, and other evidence that show that using fingerprinting to identify an individual for purposes of registration with a law enforcement agency is more accurate than relying on a government-issued identification document or documents.

Response: The District objects to Doc. Req. No. 19 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 20: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns to be photographed, as in D.C. Code § 7–2502.04(b), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 20 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 21: All studies, data, and other evidence that show that laws requiring applicants for registration of rifles and/or shotguns to be photographed, as in D.C. Code § 7–2502.04(b), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 21 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 22: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns to appear in person, as in D.C. Code § 7–2502.04(c), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 22 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 23: All studies, data, and other evidence that show that laws requiring applicants for registration of rifles and/or shotguns to appear in person, as in D.C. Code § 7–2502.04(c), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 23 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 24: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns to take and pass a written test, as the Chief of Police has prescribed pursuant to D.C. Code § 7-2502.03(a)(10) and D.C. Municipal Regulations § 24-2311.3, reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 24 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 25: All studies, data, or other evidence that show that laws requiring that applicants for registration of rifles and/or shotguns take and pass a written test, as the Chief of Police has prescribed pursuant to D.C. Code § 7-2502.03(a)(10) and D.C. Municipal Regulations § 24-2311.3, reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 25 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are

not otherwise publicly available.

Doc. Req. No. 26: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns not to be "blind" (as defined as defined in D.C. Code § 7-1009(1)) reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 26 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 27: All studies, data, and other evidence that show that laws requiring applicants for registration of rifles and/or shotguns not to be "blind" (as defined as defined in D.C. Code § 7-1009(1)) reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 27 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 28: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns to complete a firearms training and safety class, as in D.C. Code § 7–2502.03(a)(13)(A), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 28 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are

not otherwise publicly available.

<u>Doc. Req. No. 29</u>: All studies, data, and other evidence that show that laws requiring applicants for registration of rifles and/or shotguns to complete a firearms training and safety class, as in D.C. Code § 7–2502.03(a)(13)(A), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 29 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 30</u>: All studies, data, and other evidence that show that laws requiring that applicants for registration of handguns who have not completed a firearms training and safety class, as in D.C. Code § 7–2502.03(a)(13)(A), but have completed an alternative, as in D.C. Code § 7–2502.03(a)(13)(B), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 30 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 31</u>: All studies, data, and other evidence that show that laws requiring that applicants for registration of rifles and/or shotguns who have not completed a firearms training and safety class, as in D.C. Code § 7–2502.03(a)(13)(A), but have completed an alternative, as in D.C. Code § 7–2502.03(a)(13)(B), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 31 as vague, overbroad and unduly

burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 32: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns to provide on a form, *inter alia*, his/her present business or occupation and the address and phone number of the employer, where the firearm will generally be kept, and "[s]uch other information as the Chief determines is necessary to carry out the provisions of this unit," as in D.C. Code § 7-2502.03(b), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 32 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 33: All studies, data, and other evidence that show that laws requiring applicants for registration of rifles/shotguns to provide on a form, *inter alia*, his/her present business or occupation and the address and phone number of the employer, where the firearm will generally be kept, and "[s]uch other information as the Chief determines is necessary to carry out the provisions of this unit," as in D.C. Code § 7-2502.03(b), reduced the use of rifles/shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 33 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 34: All studies, data, and other evidence that show that laws requiring applicants for registration of handguns to disclose any business or occupation in which the applicant has engaged the previous five years, as in D.C. Code § 7-2502.03(b), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 34 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 35: All studies, data, and other evidence that show that laws requiring applicants for registration of rifles and/or shotguns to disclose any business or occupation in which the applicant has engaged the previous five years, as in D.C. Code § 7-2502.03(b), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 35 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 36: All studies, data, and other evidence that show that laws requiring registrants of handguns to notify law enforcement in writing immediately of the loss, theft, or destruction of a firearm, as in D.C. Code § 7-2502.08(1), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 36 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 37: All studies, data, and other evidence that show that laws requiring registrants of rifles and/or shotguns to notify law enforcement in writing immediately of the loss, theft, or destruction of a firearm, as in D.C. Code § 7-2502.08(1), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 37 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 38: All studies, data, and other evidence that show that laws requiring registrants of handguns to notify law enforcement in writing of any change in name or address, as in D.C. Code § 7-2502.08(a), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 38 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 39: All studies, data, and other evidence that show that laws requiring registrants of rifles and/or shotguns to notify law enforcement in writing of any change in name

or address, as in D.C. Code § 7-2502.08(a), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 39 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 40</u>: All studies, data, and other evidence that show that laws requiring registrants of handguns to notify law enforcement in writing of the sale, transfer or other disposition of the firearm within 2 business days, as in D.C. Code § 7-2502.08(a), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 40 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

<u>Doc. Req. No. 41</u>: All studies, data, and other evidence that show that laws requiring registrants of rifles and/or shotguns to notify law enforcement in writing of the sale, transfer or other disposition of the firearm within 2 business days, as in D.C. Code § 7-2502.08(a), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

<u>Response</u>: The District objects to Doc. Req. No. 41 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 42: All studies, data, and other evidence that show that laws requiring a registrant to have in his/her possession, whenever in possession of a registered handgun, the registration certificate, or exact photocopy thereof, for such handgun, and exhibit the same upon the demand of a law enforcement officer, as in D.C. Code § 7-2502.08(c), reduced the use of handguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 42 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 43: All studies, data, and other evidence that show that laws requiring a registrant to have in his/her possession, whenever in possession of a registered rifle/shotgun, the registration certificate, or exact photocopy thereof, for such firearm, and exhibit the same upon the demand of a law enforcement officer, as in D.C. Code § 7-2502.08(c), reduced the use of rifles/shotguns in crime, protected police officers, or promoted any other important governmental interest.

Response: The District objects to Doc. Req. No. 43 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

Doc. Req. No. 44: All studies, data, and other evidence that show that laws requiring registration of handguns, as in D.C. Code § 7-2502.01(a), reduced the use of handguns in crime,

protected police officers, or promoted any other important governmental interest.

    <u>Response</u>: The District objects to Doc. Req. No. 44 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

    <u>Doc. Req. No. 45</u>: All studies, data, and other evidence that show that laws requiring registration of rifles and/or shotguns, as in D.C. Code § 7–2502.01(a) and 7–2502.03(b), reduced the use of rifles and/or shotguns in crime, protected police officers, or promoted any other important governmental interest.

    <u>Response</u>: The District objects to Doc. Req. No. 45 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

    <u>Doc. Req. No. 46</u>: All studies, data, and other evidence that show that laws requiring registration of handguns are needed to protect government and diplomatic officials from assassination.

    <u>Response</u>: The District objects to Doc. Req. No. 46 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.

    <u>Doc. Req. No. 47</u>: All studies, data, or other evidence that show that laws requiring registration of rifles and shotguns are needed to protect government and diplomatic officials from assassination.

<u>Response</u>: The District objects to Doc. Req. No. 47 as vague, overbroad and unduly burdensome. The District does not have any independent studies on this topic, *i.e.*, any studies that are not otherwise publicly available.


<u>Doc. Req. No. 48</u>: All standard operating procedures identified in the answers to plaintiffs' interrogatories.

<u>Response</u>: Subject to and without waiving its general and specific objections, the District herein provides non-privileged documents which are responsive to Doc. Req. No. 48 and in the defendant's possession, custody and control, at HELLER DC 000087–130.


<u>Doc. Req. No. 49</u>: All police reports involving a call to a scene (see instructions above) in the years 2005-2012 in which registration records were used to determine in advance whether a person at the location, dwelling, building, or place of business possessed a firearm.

<u>Response</u>: None. *See* Response to Interrog. No. 6.


<u>Doc. Req. No. 50</u>: All reports, memoranda, or other documents analyzing or discussing the implementation of the registration requirements, or any part thereof, since enactment of the Firearms Registration Amendment Act of 2008, D.C. Law 17–372.

<u>Response</u>: Subject to and without waiving its general and specific objections, the District herein provides non-privileged documents which are responsive to Doc. Req. No. 50 and in the defendant's possession, custody and control, at HELLER DC 000101–111.


<u>Doc. Req. No. 51</u>: All reports, memoranda, and other documents relating to  registration

of firearms provided to the D.C. Council from any executive branch agency of the District at any time prior to the enactment of the Firearms Registration Amendment Act of 2008, D.C. Law 17–372, in connection with the enactment of that Act, or in connection with any subsequent legislative amendments to that Act.

Response: Subject to and without waiving its general and specific objections, the District herein provides non-privileged documents which are responsive to Doc. Req. No. 51 and in the defendant's possession, custody and control, at HELLER DC 000073–86.


Doc. Req. No. 52: The current application form(s)for registration of firearms, the three year registration renewal form, and all other standardized written documents routinely used, whether internally within MPD or for use by or with applicants, in connection with the application and/or renewal processes.

Response: Most of the requested documents may be found online at *http://mpdc.dc.gov/service/firearm-registration-district-columbia.* Additional documents not found online are produced herein at HELLER DC 000002-72, HELLER DC 000087-100, HELLER DC 000131–134.


Doc. Req. No. 53: All documents, exhibits, and testimony, whether written or oral, submitted to the Judiciary Committee during or in connection with all public hearings held regarding the Firearms Registration Amendment Act of 2008, D.C. Law 17–372, any bills amending that Act, and any predecessor bills or acts relating to firearms registration that were enacted in 2008. This request includes the entire official record for each those bills, acts, and hearings, and all transcripts and recordings of those hearings, whether in written, audio, or video

form.

Response: The requested documents constitute the official legislative history for the referenced legislation, and are equally as available to plaintiffs as to the District. The Legislative Information Management System of the Council of the District of Columbia is a searchable website containing legislation, committee reports, witness testimony, and voting records; it may be accessed at *http://dcclims1.dccouncil.us/lims/*. Most of the requested documents may be found appended to the Committee Report at *http://dcclims1.dccouncil.us/images/ 00001/20120430145205.pdf*. Additional materials received by the Council but not available online are produced herein at HELLER DC 000135–293. Archived streaming video of public hearings of the Committee on the Judiciary may be accessed online at *http://dc.granicus.com/ViewPublisher.php?view_id=12*. On information and belief, no transcripts of the referenced hearings have been made. Generally, legislative record documents not found online, and legislative history documents for older legislation, may be obtained through the Council's Legislative Services Division.

Doc. Req. No. 54:  All documents which concern, in whole or part, the impact of the District's laws and procedures concerning firearm registration, including its fees, training requirements, costs in time and effort, and other burdens on applicants, including, but not limited to, the effects on persons living in poverty, persons who are blind, persons who are handicapped or lack mobility, persons who are elderly, persons whose hours of employment may make it difficult to register firearms, and persons who otherwise would be eligible to register firearms but would not do so because of the burdens it entails.

<u>Response</u>: Subject to and without waiving its general and specific objections, the District

herein provides non-privileged documents which are responsive to Doc. Req. No. 54 and in the

defendant's possession, custody and control. *See, generally*, HELLER DC 000022–69; 000135–

293.

Objections as noted.

DATE: October 31, 2012             Respectfully submitted,

                                   IRVIN B. NATHAN
                                   Attorney General for the District of Columbia

                                   ELLEN A. EFROS
                                   Deputy Attorney General
                                   Public Interest Division

                                   _____/s/ Grace Graham_____
                                   GRACE GRAHAM, D.C. Bar No. 472878
                                   Chief, Equity Section
                                   441 Fourth Street, NW, 6th Floor South
                                   Washington, DC 20001
                                   Telephone: (202) 442-9784
                                   Facsimile: (202) 741-8892
                                   E-mail: grace.graham@dc.gov


                                   _____/s/ Andrew J. Saindon_____
                                   ANDREW J. SAINDON, D.C. Bar No. 456987
                                   Assistant Attorney General
                                   Equity Section I
                                   441 Fourth Street, N.W., 6th Floor South
                                   Washington, D.C. 20001
                                   Telephone: (202) 724-6643
                                   Facsimile: (202) 730-1470
                                   E-mail: andy.saindon@dc.gov


                                   _____/s/ Chad A. Naso_____
                                   CHAD A. NASO [1001694]
                                   Assistant Attorney General
                                   Office of the Attorney General, DC
                                   441 Fourth Street, NW
                                   Sixth Floor South

Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendants' Responses to

Plaintiffs' First Request for Production of Documents was sent by e-mail, by prior written

agreement, this 31st day of October, 2012 (with a disk of responsive documents to follow by U.S.

Mail), to:

Stephen P. Halbrook, Esq.
Richard E. Gardiner, Esq.
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
regardiner@cox.net
protell@aol.com

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987

–26–