# EXHIBIT J

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## OFFICE OF THE ATTORNEY GENERAL

**Equity Section**
**Public Interest Division**



December 5, 2012

Stephen P. Halbrook, Esq.
Richard E. Gardiner, Esq.
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
regardiner@cox.net
protell@aol.com

*Via E-Mail and U.S. Mail*

**Re:** *Heller, Dick Anthony, v. District of Columbia*, No. 08-01289 (JEB)

Gentlemen:

This letter responds to your e-mail of November 8, 2012 regarding the District's alleged inadequate discovery responses, as well as your follow-up e-mail of November 15, 2012, responding to the District's concerns. Taking the e-mails in order:

*E-mail of November 8, 2012*
As we indicated in our responses to Interrogatories No. 1–3, the MPD does not keep the information you requested in an easily accessible way; to provide that information, the MPD would have to devote countless hours to manually review over 15,000 case files scattered over several locations. This would be, needlessly to say, unduly burdensome, just as the request itself is overly broad.

Regarding your complaint as to the District's response to Interrogatory No. 9, we believe our answer is sufficient. Typically, when registered guns are recovered from crime scenes, MPD will return them to their owners, if the guns had been properly reported as lost or stolen, but while MPD does not track each such instance, it usually happens a few times a year, generally with security companies.

Regarding your complaint as to the District's response to Interrogatory No. 10, we believe our answer is sufficient. It is not clear (to the District) how firearms' registration records could be used to "prevent" a crime. And while those records are regularly used in an effort to "determine who committed a crime," plaintiffs specifically excluded "possession" crimes from the reach of this interrogatory, and Lt. Shelton cannot recall any specific instance where registration records were used to determine who committed a crime, outside of the possession offenses plaintiffs excluded.

Regarding your complaint as to the District's response to Interrogatory No. 12, yes, the District's Gun Registration database is a searchable, computerized database. It can only be accessed by authorized

---

personnel from terminals within the Firearms Registration Section (*i.e.*, the database is not accessible through the MPD's intranet or the Internet).

Regarding your complaint as to the District's response to Interrogatory No. 13, the District's response included a table showing *all* firearms recovered from crime scenes. The MPD also tracks the numbers of *registered* firearms associated with crime scenes, as reflected in the following table:

**Registered Firearms Used in Crimes**

| Registrant Type | Gun Type | *2008 | 2009 | 2010 | 2011 | **2012 | TOTAL |
|---|---|---|---|---|---|---|---|
| Private Individual | Rifles | 0 | 0 | 0 | 0 | 0 | 0 |
| Private Individual | Shotguns | 0 | 1 | 0 | 1 | 0 | 2 |
| Private Individual | Handguns | 6 | 10 | 7 | 5 | 7 | 35 |
| Security Company | Rifles | 0 | 0 | 0 | 0 | 0 | 0 |
| Security Company | Shotguns | 0 | 0 | 0 | 0 | 0 | 0 |
| Security Company | Handguns | 0 | 4 | 2 | 6 | 2 | 14 |

\* Beginning 7/17/2008, with the enactment of the *Firearms Control Emergency Amendment Act of 2008*.
\*\*Through 10/19/2012

Regarding your complaint as to the District's response to Interrogatory No. 15, we believe our answer is sufficient. The MPD does not track or record information as to the visual abilities of a person who "misused a firearm or discharged a firearm in a dangerous or unsafe manner."

Regarding your complaint as to the District's responses to Interrogatories No. 16 through 20, we believe our answers are sufficient. The purposes for which MPD needs the requested information are reflected in the text (and legislative history) of the Firearms Control Regulation Act of 1975, which originally established the "purposes" for which MPD "needs" the information.

Regarding your complaint as to the District's response to Interrogatory No. 21, the District's original response was sufficient, especially in light of the undefined term "used." According to Lt. Shelton, there have been less than a dozen instances since he's been at SOMB where certain police agencies (like MPD-Narcotics or the U.S. Park Police) have contacted the Firearms Registration Section prior to executing a search warrant, in an effort to determine if there were any registered firearms associated with a particular address. The MPD does not keep a record of these requests.

Regarding your complaint as to the District's response to Interrogatory No. 22, the District's original response was sufficient.

Regarding your complaint as to the District's response to Request for Production of Documents No. 2, you are mistaken. The "registration process" referenced refers to registering for the training course, *not* registering a firearm; anyone may take the course online (or via two computer terminals at the Firearms Registration Section at MPD), regardless of whether they wish to register a firearm.

Regarding your complaint as to the District's response to Requests for Production of Documents Nos. 2 [sic] through 47, we believe our answers are sufficient; there are literally no documents responsive to

December 5, 2012
Page 2 of 3

your requests that are not in the public record. We are unaware of further information beyond our response at this time, but will supplement if we discovery any.

Because your Requests for Production of Documents No. 50 and 54 were so broad, the search by the District's Office of Chief Technology Officer retrieved tens of thousands of potentially responsive e-mails. While we are working diligently to review these documents for responsiveness and privilege, it will take quite awhile to complete this massive task, so please be aware that we will likely not be able to provide documents and a privilege log until after the holidays.

*E-mail of November 15, 2012*

As to the annual income of plaintiffs, again, it is not for plaintiffs to unilaterally determine relevance in refusing to provide information requested in discovery. Please provide either sworn answers to Interrogatory No. 2 for all the plaintiffs, or their income tax returns.

Chad is preparing a response to your e-mail of November 13, 2012, regarding our invocation of the deliberative-process privilege. Let's talk again after you have received that, to see if we can't resolve any remaining issues before we call chambers.

Sincerely,

IRVIN B. NATHAN
Attorney General for the District of Columbia


       /s/ Andrew J. Saindon
BY:     ANDREW J. SAINDON
         Assistant Attorney General