# Exhibit 2

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| DICK ANTHONY HELLER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-01289 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ ) | | |

DEFENDANTS THE DISTRICT OF COLUMBIA AND MAYOR VINCENT C. GRAY'S
RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33(b) and 34(b), defendants the District of Columbia and Mayor

Vincent C. Gray (collectively the "District"), by and through counsel, hereby respond to Plaintiffs' First

Set of Interrogatories.

(1)    The information supplied in these responses is not based solely on the knowledge of the

executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless

privileged.

(2)    The word usage and sentence structure may be that of the attorney assisting in the

preparation of these responses and does not necessarily purport to be the precise language of the executing

party.

(3)    For any additional responsive information that may be available through deposition

testimonies, the District incorporates such information for purposes of giving the parties notice that such

information exists, but does not adopt such testimony as accurate and complete.

## GENERAL OBJECTIONS

The District's General Objections set forth herein, are to be considered continuing objections and/or assertions of privilege and responses to each and every specific discovery request that follows. That some of these General Objections are not restated in response to particular requests does not waive the assertion and application of the General Objections. The District's objections and responses given herein shall not prejudice any objection and/or assertion of privilege they may later assert in any context. Moreover, the District responds to the instant discovery subject to the accompanying objections, without waiving and expressly preserving all objections.

1.      The District objects to the instructions propounded by Plaintiffs to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Columbia. Included in the instructions objected to are Plaintiffs' definitions, which purport to assign to words and phrases meanings other than those generally understood or used in common parlance.

2.      The District objects to this discovery to the extent that it inquires into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative-process privilege, legislative privilege, informant's privilege, law enforcement privilege, prosecutorial privilege, spousal privilege, Privacy Act, District of Columbia Municipal Regulations, D.C. Office of Human Resources rules and/or regulations, the work-product doctrine, and/or any other applicable privilege or similar protection. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.

3.      The District objects to Plaintiffs' discovery requests to the extent that they seek information relating to events, policies or procedures that occurred or were in use at times other than

those relevant to the allegations in the Complaint. The District objects to this discovery to the extent that it seeks disclosure of confidential material or information in the absence of a protective order.

4.     In responding to these requests, the District does not waive, but retains and preserves any and all objections to the materiality, and/or relevance of the information provided.

5.     In responding to this discovery, the District does not concede or admit any premise, proposition, or characterizations contained in any request or any pleading in this or any other matter.

6.     In seeking the disclosure Plaintiffs seek hereby, Plaintiffs are understood to waive any and all privileges, protections or claims regarding or relating to the subject of the disclosure.

7.     The District objects to this discovery insofar as it is overbroad, unduly burdensome or vexatious on grounds, including, but not limited to, seeking materials without limitation as to time period or over a period of time so lengthy as to seek information immaterial, irrelevant to, or otherwise inadmissible in this litigation.

8.     The District understands that Plaintiffs' requests are not intended to seek communications or documents that are protected by the attorney-client privilege or protected by the work product doctrine and object to Plaintiffs' requests insofar as they could be read to seek such protected information.

9.     The District objects to these requests to the extent they are vague, ambiguous, irrelevant, and/or overly broad.

10.     The District objects to the Requests for Production of Documents that seek "[a]ll studies, data, and other evidence" as overly broad and premature. The term "[a]ll studies, data, and other evidence" encompasses literally all documents—from anywhere—involving the referenced topics, hence is public-record information equally available to the plaintiffs.

11.     To the extent Requests for Production of Documents Nos. 50 through 54 seek documents in the possession of the Council not part of the official legislative record, if such documents exist, they would likely be protected by one or more legislative privileges.

12.     The responses to these requests are accurate to the best of the District's knowledge as of this date. The District's investigation, however, is continuing, and the District may obtain additional information relevant to the subject matter of this action through discovery and further review of documents. The District will produce additional responsive information, if necessary, and reserves the right to rely on subsequently discovered information. The District will not provide copies of documents that are a matter of public record or already in plaintiffs' (or their attorneys') possession, which includes the public legislative record of any legislation challenged or referenced in the Complaint.

13.     The District reserves the right to object to the use of its responses to these requests in any proceedings other than the above-captioned case.

14.     The District objects to these requests to the extent that they seek information or documents not reasonably calculated to lead to the discovery of admissible evidence.

15.     Each and every response herein is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular discovery response is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

<u>Inter. No. 1</u>: State by year the number of crimes committed with rifles in the District of Columbia from 2005 to the current date, excluding the crime of possession of an unregistered firearm.

–4–

Your answer should include the specific crime committed, the status of any criminal charges brought against the person committing the crime, whether the person was a resident of the District, whether the firearm was registered in the District, and the type (*e.g.*, single shot, semi-automatic, pump, bolt action, lever action) and caliber of rifle.

Response: The Department does not have this information available in the manner requested. Beginning September 17th, the Department launched I/LEADS, a new data system in which all crimes and arrests are captured in one system. However, since the data merge, conversion, and cleaning are still on-going, the crime and arrest data cannot be reported in the requested manner. Moreover, the data system capturing details about forensic evidence about guns used in crimes is still a stand-alone system. In addition, the Department does not maintain information in its data systems about the status of arrests. This is maintained by the relevant prosecutors and courts; the MPD receives some disposition about the status of arrests from the prosecutors, but MPD is not the source and cannot confirm its accuracy.

Below is the number of homicides, robberies, and assaults with a dangerous weapon, as classified by MPD under D.C. Official Code, which were committed with a firearm from 2005 through 2011. MPD is not reporting crime statistics during the system and data transition, but will provide 2012 data as it becomes available. Please note that these numbers do not reflect Part I crime totals as reported to the FBI's Uniform Crime Reporting program. The statistics for this report are based on initial police incident reports, and are subject to change due to ongoing investigations and new reports. The data for 2007–2011 was pulled directly from appropriate Year-End Morning Crime Reports as they were generated at the end of those years. The data was variously IMS and RMS; each report is as of the end of the calendar year report in the given year. The source of the data for 2005–2006 is I/LEADS, as run on October 19, 2012.

| Calendar Year | Homicide | Robbery | Assault with a Dangerous Weapon |
|---|---|---|---|
| 2005 | 155 | 1,444 | 806 |
| 2006 | 135 | 1,342 | 831 |
| 2007 | 141 | 1,675 | 866 |
| 2008 | 140 | 1,475 | 747 |
| 2009 | 108 | 1,638 | 683 |
| 2010 | 99 | 1,308 | 610 |
| 2011 | 77 | 1,161 | 520 |
| Total | 855 | 10,043 | 5,063 |

Inter. No. 2: State by year the number of crimes committed with shotguns in the District of Columbia from 2005 to the current date, excluding the crime of possession of an unregistered firearm. Your answer should include the specific crime committed, the status of any criminal charges brought against the person committing the crime, whether the person was a resident of the District, whether the firearm was registered in the District, and the type (*e.g.*, single shot, double barrel, semi-automatic, pump) and gauge of shotgun.

Response:  Please see the response to Interrogatory 1.

Inter. No. 3: State by year the number of crimes committed with handguns in the District of Columbia from 2005 to the current date, excluding the crime of possession of an unregistered firearm. Your answer should include the specific crime committed, the status of any criminal charges brought against the person committing the crime, whether the person was a resident of the District, whether the firearm was registered in the District, and the type of handgun (*e.g.*, semi-automatic, revolver).

Response:  Please see the response to Interrogatory 1.

Inter. No. 4: State the procedure used to conduct a background check of an applicant for registration of a firearm.  Your answer should include, but not be limited to, the databases searched.

Response:  Each applicant must submit to an FBI fingerprint background investigation which is

conducted using the Live Scan system. In addition, each applicant's name is run through National

Crime Information Computer (NCIC) and Washington Area Law Enforcement System (WALES).

<u>Inter. No. 5</u>: State the procedures which have been established to conduct the re-registration of

firearms after three years, as required by D.C. Code § 7–2502.07a(a)-(c), and the date those procedures

were implemented.   Your answer should identify any information systems that the MPD uses or

intends to utilize.

<u>Response</u>: These procedures have not yet been established. Per the *Firearms Amendment Act of*

*2012,* this re-registration system and procedures are to be established before January 1, 2014.

<u>Inter. No. 6</u>: State the procedures by which police officers who are called to a scene (see

instructions above) determine in advance whether a person at the location, dwelling, building, or place

of business may have firearms, and identify any standard operating procedures implementing these

procedures.

<u>Response</u>: MPD officers that are responding to a call for service are not informed in advance if

there is a registered firearm at the location. Although specialized units will sometimes contact the

Firearms Registration Section to determine whether any firearms are registered at an address or to a

person prior to executing a search or arrest warrant, these checks are not captured by MPD.

<u>Inter. No. 7</u>: State whether the Metropolitan Police Department maintains a list of the names

and addresses of persons convicted of murder, robbery, arson, or any other felony, and the procedures,

if any, by which officers determine in advance whether individuals involved in a call to a scene have

such convictions, and identify any standard operating procedures implementing these procedures.

<u>Response</u>: The Metropolitan Police Department does not maintain such a list.

–7–

Inter. No. 8: Identify any standard operating procedures for conducting periodic checks of criminal history/mental health records of persons with registered firearms to determine if they have become prohibited from possessing firearms, and state the number of instances from 2005 to the current date in which any such check revealed that a registrant was no longer legally eligible to possess firearms.

Response: MPD plans to begin these periodic checks when the re-registration is launched. Per the response to Interrogatory No. 5, the specific procedures will be established prior to implementation before January 1, 2014.

Inter. No. 9: Identify each instance from 2005 to the current date in which District of Columbia firearm registration records have been used to facilitate the return of lost or stolen firearms to their rightful owners.  Your answer should include the type of firearm (handgun, rifle, shotgun) for each instance.

Response: MPD does not maintain a record of each instance that a lost or stolen firearm is returned to the owner. However, the registration records have been used to facilitate the return of lost or stolen firearms.

Inter. No. 10: Identify each instance from 2005 to the current date in which District of Columbia firearm registration records have been used to prevent a crime or to determine who committed a crime, excluding the crimes of possession of an unregistered firearm and possession of ammunition for which there is no registered firearm.  For each instance, your answer should include the crime, the type of firearm (handgun, rifle, shotgun), and how the registration records were used to prevent a crime or to determine who committed a crime.

Response: Each time that MPD recovers a firearm associated with a crime, information is forwarded to the Gun Registration Unit to determine whether it is a legally registered firearm and who may have owned it. However, MPD does not capture the number of times this check is conducted

Inter. No. 11: For the years 2008 through the present, state separately for each year and by type of firearm (handgun, rifle, shotgun) how many applications to register were received, how many were actually registered, how many were rejected, and how many had other dispositions.

Response:

|  |  | *2008 | 2009 | 2010 | 2011 | **2012 | Total |
|---|---|---|---|---|---|---|---|
| Applications Submitted | Rifles | 72 | 56 | 59 | 79 | 104 | 370 |
|  | Shotguns | 142 | 128 | 134 | 141 | 125 | 670 |
|  | Handguns | 748 | 675 | 597 | 922 | 922 | 3864 |
| Firearms Registered | Rifles | 70 | 54 | 59 | 76 | 104 | 363 |
|  | Shotguns | 140 | 125 | 132 | 140 | 124 | 661 |
|  | Handguns | 723 | 650 | 577 | 900 | 885 | 3735 |
| Applications Denied | Rifles | 7 | 13 | 0 | 0 | 0 | 20 |
|  | Shotguns | 0 | 0 | 0 | 0 | 0 | 0 |
|  | Handguns | 11 | 55 | 6 | 1 | 1 | 74 |
| Applications w/other disp. | Rifles | 2 | 2 | 0 | 3 | 0 | 7 |
|  | Shotguns | 1 | 3 | 2 | 1 | 1 | 8 |
|  | Handguns | 25 | 25 | 20 | 22 | 37 | 129 |
| Pending | Rifles | 0 | 0 | 0 | 0 | 3 | 3 |
|  | Shotguns | 0 | 0 | 0 | 0 | 5 | 5 |
|  | Handguns | 0 | 0 | 0 | 0 | 10 | 10 |

* 2008: beginning 7/17/2008, with the enactment of the *Firearms Control Emergency Amendment Act of 2008.*
** 2012: Through 10/19/2012.

Inter. No. 12: State the total number of rifles, shotguns, and handguns that are currently registered with the District of Columbia, regardless of the date of registration, and how registration information is maintained (*e.g.*, paper copies, searchable computerized database). If registration information is included in a searchable database, identify the name of the database, who has access to the database, and the means for accessing it.

Response:  The number of all firearms registered in the District is below. These figures include all firearms, including those registered to security companies and off-duty law enforcement, as well as private individuals. It is not yet possible to separate this data for older registrations. Registration information is maintained in the Gun Registration database as well as filed paper copies. Staff assigned to the Gun Registration Unit has access to this database and the paper copy files.

| Rifles | 11,689 |
|--------|--------|
| Shotguns | 15,884 |
| Handguns | 55,997 |

Inter. No. 13: State the number of handguns, of rifles, and of shotguns which were found at a crime scene or were otherwise seized by the police, other than for possession of an unregistered firearm, in 2008, in 2009, in 2010, in 2011, and in 2012, and of those firearms, how many were registered.

Response: The table below reflects data on handguns, rifles and shotguns received within the Firearms Examination Section listed as being recovered from crime scenes for the years 2008 through September 30, 2012. This table does not include firearms listed with the charge of Found or Unregistered Firearm. The assessment of each charge is based on what MPD initially enters, and is not necessarily what the prosecutors eventually charge.

|  | 2008 | 2009 | 2010 | 2011 | 2012* |
|--|------|------|------|------|-------|
| Handguns | 1585 | 1390 | 1147 | 1092 | 832 |
| Rifles | 116 | 138 | 96 | 66 | 57 |
| Shotguns | 163 | 163 | 111 | 98 | 77 |

* This year reflects only January to September 30, 2012

Inter. No. 14: State whether the information provided by applicants for registration on the application may lawfully be disclosed to the public.  If so, state the statutory, regulatory, or administrative authority that either forbids or permits such disclosure.

Response: Only general information about firearm registrations that is not personally identifiable is provided to the public. D.C. Official Code Section 2-534 (a)(2) provides the authority to withhold releasing under the Freedom of Information Act any document that constitutes a clearly unwarranted invasion of personal privacy of anyone mentioned in the document.

Inter. No. 15: Identify all instances from 2005 to the current date in the District in which a person who was blind (as defined in D.C. Code § 7-1009(1)) misused a firearm or discharged a firearm in a dangerous or unsafe manner.

Response: The Department does not have this information. There are no checkboxes in our data systems to indicate whether a firearm was fired or whether the individual firing the firearm was blind. For example, a crime may be classified as an assault with a gun, but that does not necessarily mean a firearm was fired.

Inter. No. 16: Identify the purposes for which the MPD needs information concerning a registrant's residence during the 5-year period immediately preceding the application, as required by D.C. Code § 7-2502.03(b)(2), and state whether such information is verified by the MPD.

Response: The District objects to Inter. No. 16 as it calls for a legal conclusion and information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks deliberative-process privileged information, attorney work product, attorney-client privileged information, and otherwise seeks to impose obligations on the District beyond

−11−

the requirements of Fed. R. Civ. P. 26. Subject to and without waiving its general and specific objections and based on the District's investigation to date in connection with the allegations in the complaint, the District responds as follows: This requirement dates back to the *Firearms Control Regulations Act of 1975* and the reason(s) for such requirement, if available, may be found in that legislation's legislative history. This information is not verified by MPD.

Inter. No .17: Identify the purposes for which the MPD needs information concerning a registrant's present business or occupation, and the address and phone number of the employer, as required by D.C. Code § 7-2502.03(b)(3), and state whether such information is verified by the MPD.

Response: The District objects to Inter. No. 17 as it calls for a legal conclusion and information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks deliberative-process privileged information, attorney work product, attorney-client privileged information, and otherwise seeks to impose obligations on the District beyond the requirements of Fed. R. Civ. P. 26. Subject to and without waiving its general and specific objections and based on the District's investigation to date in connection with the allegations in the complaint, the District responds as follows: This requirement dates back to the *Firearms Control Regulations Act of 1975* and the reason(s) for such requirement, if available, may be found in that legislation's legislative history. This information is not verified by MPD. However, this information is used to determine whether it is a private purchase by an individual or if the firearm will be used as inventory for private security companies operating within the District of Columbia. It is also used to determine if the purchaser is a member of MPD and registering an off-duty service weapon. In addition, the alternative contact information is sometimes used to contact the applicant, but the issue is not discussed with the employer.

–12–

<u>Inter. No. 18</u>: Identify the purposes for which the MPD needs information concerning whether the District, the United States or the government of any state or subdivision of any state has denied or revoked an applicant's license, registration certificate, or permit pertaining to any firearm, as required by D.C. Code § 7-2502.03(b)(6), and state whether such information is verified by the MPD.

<u>Response</u>: The District objects to Inter. No. 18 as it calls for a legal conclusion and information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks deliberative-process privileged information, attorney work product, attorney-client privileged information, and otherwise seeks to impose obligations on the District beyond the requirements of Fed. R. Civ. P. 26. Subject to and without waiving its general and specific objections and based on the District's investigation to date in connection with the allegations in the complaint, the District responds as follows: This requirement dates back to the *Firearms Control Regulations Act of 1975* and the reason(s) for such requirement, if available, may be found in that legislation's legislative history. Although it is difficult to verify this information if the applicant provides a false statement, MPD attempts to verify it, and any information may be used as part of the background investigation.

<u>Inter. No. 19</u>: Identify the purposes for which the MPD needs a description of an applicant's role in any mishap involving a firearm, including the date, place, time, circumstances, and the names of the persons injured or killed, as required by D.C. Code § 7-2502.03(b)(7), and state whether such information is verified by the MPD.

<u>Response</u>: The District objects to Inter. No. 19 as it calls for a legal conclusion and information that is not reasonably calculated to lead to the discovery of admissible evidence, and

−13−

to the extent it seeks deliberative-process privileged information, attorney work product, attorney-client privileged information, and otherwise seeks to impose obligations on the District beyond the requirements of Fed. R. Civ. P. 26. Subject to and without waiving its general and specific objections and based on the District's investigation to date in connection with the allegations in the complaint, the District responds as follows: This requirement dates back to the *Firearms Control Regulations Act of 1975* and the reason(s) for such requirement, if available, may be found in that legislation's legislative history. Although MPD attempts to verify the information, it is difficult to verify if an applicant makes a false statement unless criminal charges were filed as a result of the mishap. If an applicant provides information of a firearm mishap, a pattern of negligence with firearms is a potential threat to public safety and reason for denial of a registration, and therefore may be investigated.

Inter. No. 20: Identify the purposes for which the MPD needs the name and address of the person or organization from whom the firearm was obtained, and in the case of a dealer, his dealer's license number, as required by D.C. Code § 7-2502.03(b)(10), and state whether such information is verified by the MPD.

Response: The District objects to Inter. No. 20 as it calls for a legal conclusion and information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks deliberative-process privileged information, attorney work product, attorney-client privileged information, and otherwise seeks to impose obligations on the District beyond the requirements of Fed. R. Civ. P. 26. Subject to and without waiving its general and specific objections and based on the District's investigation to date in connection with the allegations in the complaint, the District responds as follows: This requirement dates back to the *Firearms Control Regulations Act of 1975* and the reason(s) for such requirement, if available, may be

found in that legislation's legislative history. MPD does verify the dealer and license number. This information is used to determine if the transfer was a legal transaction.

Inter. No. 21: Identify all instances from 2008 to the present in which the information described in Interrogatories Nos. 16 through 20 has been obtained and used from a particular firearms registration application, or from a database or compilation of such registration information, to reduce the use of firearms in crime (other than registration offenses), protect police officers, or promote any other important governmental interest.

Response: The District objects to Inter. No. 21 as it calls for a legal conclusion and information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks deliberative-process privileged information, attorney work product, attorney-client privileged information, and otherwise seeks to impose obligations on the District beyond the requirements of Fed. R. Civ. P. 26. Subject to and without waiving its general and specific objections and based on the District's investigation to date in connection with the allegations in the complaint, the District responds as follows: Although the information described in Interrogatories No. 16–20 is captured on the firearms-registration application, the Metropolitan Police Department does not capture each instance in which that information may be used "to reduce the use of firearms in crime (other than registration offenses), protect police officers, or promote any other governmental interest." As an example, however, as noted in the response to Interrogatory No. 19, if an applicant reports a mishap, then the Metropolitan Police Department would investigate the mishap to determine eligibility for firearms registration.

Inter. No. 22: Identify all instances from 2008 to the present in which the MPD has used information concerning where a registered firearm will generally be kept, as required by D.C.

Code § 7-2502.03(b)(11).  Your answer should include, but not be limited to, the purpose of the use of the information, how it was used, and who used it.

Response: The District objects to Inter. No. 22 as it calls for a legal conclusion and information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks deliberative-process privileged information, attorney work product, attorney-client privileged information, and otherwise seeks to impose obligations on the District beyond the requirements of Fed. R. Civ. P. 26. Subject to and without waiving its general and specific objections and based on the District's investigation to date in connection with the allegations in the complaint, the District responds as follows: Although the information referenced in Interrogatory No. 22 is captured on the firearms-registration application, the Metropolitan Police Department does not capture each instance in which that information may be used "to reduce the use of firearms in crime (other than registration offenses), protect police officers, or promote any other governmental interest." For example, while a firearm may be kept at home for self-defense or be kept at a security company location for security operations, there have been applications submitted where the location that the firearm would be kept would have been unlawful.

Inter. No. 23: Identify each expert witness you intend to call as a witness at trial or you intend to have prepare an affidavit or declaration in support of a motion for summary judgment, state the subject matter of his or her testimony, and briefly describe the substance of that testimony.

Response: The District asserts that it has not yet retained any testifying experts regarding this matter. In the event a testifying expert is retained, the District will notify plaintiff and the Court in accordance with Fed. R. Civ. P. 26(b)(4).

Inter. No. 24: Identify each fact witness you intend to call as a witness at trial or you intend to have prepare an affidavit or declaration in support of a motion for summary judgment, state the subject matter of his or her testimony, and briefly describe the substance of that testimony.

Response: The District objects to this interrogatory as premature. The District will supplement this response as required by Fed. R. Civ. P. 26(a)(3)(A).


Inter. No. 25: Identify each person who assisted in preparing (including submitting information for inclusion in answers) the answers to these interrogatories, and the particular interrogatories which each such person assisted in preparing.

Response: Undersigned counsel and Kelly O'Meara, responses to Interrogatories No. 5 and 15; Anne Grant, responses to Interrogatories No. 1 through 3; Jon Shelton, responses to Interrogatories No. 4, 6 through 14, and 16 through 22; and Raymond Wickline, responses to Interrogatories No. 1 through 3.



I declare under penalty of perjury that the foregoing interrogatory responses [#5, 15] are true and correct, based upon my personal knowledge, discussions with current and former employees, and my review of relevant documents.


DATE: _____                    _____
                                               KELLY O'MEARA
                                               Executive Director
                                               Office of Strategic Change
                                               Metropolitan Police Department

I declare under penalty of perjury that the foregoing interrogatory responses [#1–3] are true and correct, based upon my personal knowledge, discussions with current and former employees, and my review of relevant documents.


DATE: _____                    _____
                                                 ANNE GRANT
                                                 Director of Records Management System
                                                 Metropolitan Police Department


I declare under penalty of perjury that the foregoing interrogatory responses [#4, 6–12, 14, 16–22] are true and correct, based upon my personal knowledge, discussions with current and former employees, and my review of relevant documents.


DATE: _____                    _____
                                                 LIEUTENANT JON SHELTON
                                                 Manager
                                                 Security Officers Management Branch
                                                 Gun Control Section
                                                 Metropolitan Police Department


I declare under penalty of perjury that the foregoing interrogatory responses [#1–3] are true and correct, based upon my personal knowledge, discussions with current and former employees, and my review of relevant documents.


DATE: _____                    _____
                                                 RAYMOND WICKLINE
                                                 Director of Tactical Crime Analysis
                                                 Metropolitan Police Department

I declare under penalty of perjury that the foregoing interrogatory response [#13] is true and correct, based upon my personal knowledge, discussions with current and former employees, and my review of relevant documents.


DATE: _____                        _____
                                                     LYNDON R. WATKINS, SR.
                                                     Supervisor
                                                     Firearms Examination Section
                                                     Department of Forensic Sciences


Objections as noted.

DATE: November 2, 2012          Respectfully submitted,

                                IRVIN B. NATHAN
                                Attorney General for the District of Columbia

                                ELLEN A. EFROS
                                Deputy Attorney General
                                Public Interest Division

                                _____/s/ Grace Graham_____
                                GRACE GRAHAM, D.C. Bar No. 472878
                                Chief, Equity Section
                                441 Fourth Street, NW, 6th Floor South
                                Washington, DC 20001
                                Telephone: (202) 442-9784
                                Facsimile: (202) 741-8872
                                E-mail: grace.graham@dc.gov


                                _____/s/ Andrew J. Saindon_____
                                ANDREW J. SAINDON, D.C. Bar No. 456987
                                Assistant Attorney General
                                Equity Section I
                                441 Fourth Street, N.W., 6th Floor South
                                Washington, D.C. 20001
                                Telephone: (202) 724-6643
                                Facsimile: (202) 730-1470
                                E-mail: andy.saindon@dc.gov

_____/s/ Chad A. Naso_____
CHAD A. NASO [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendants' Responses to

Plaintiffs' First Set of Interrogatories was sent by e-mail, by prior written agreement, this 2nd day

of November, 2012, to:

      Stephen P. Halbrook, Esq.
      Richard E. Gardiner, Esq.
      Suite 403
      3925 Chain Bridge Road
      Fairfax, VA 22030
      regardiner@cox.net
      protell@aol.com


_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987