# Exhibit 23

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## OFFICE OF THE ATTORNEY GENERAL

**Equity Section**
**Public Interest Division**



December 19, 2012

Stephen P. Halbrook, Esq.
Richard E. Gardiner, Esq.
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
regardiner@cox.net
protell@aol.com

*Via E-Mail*

**Re:** *Heller, Dick Anthony, v. District of Columbia*, **No. 08-01289 (JEB)**

Gentlemen:

This letter responds to your e-mail of December 12, 2012. I also want to point out that the District has not received a satisfactory response to its e-mail of November 13, 2012, in which we explained that we were entitled to narrative responses to our contention interrogatories setting forth "all facts" upon which plaintiffs based their contentions. If plaintiffs do not plan to further respond, please let us know, as we believe we would then have grounds to file a motion to compel and/or a motion to preclude, and should raise the issue in a conference call to chambers.

As to your e-mail of December 12, as you know, Fed. R. Civ. P. 33(a)(1) limits a party to 25 interrogatories, including all discrete subparts. On September 24, 2012, plaintiffs propounded 25 interrogatories here, which the District has answered. The District has also provided considerable additional information in its several e-mails responding to your inquiries. Consequently, any further responses to plaintiffs' interrogatories would exceed the limit set by the federal rules, to which the parties both agreed to be bound in our Rule 16.3 Report. Notwithstanding this, it would appear that the most efficient method for you to obtain any follow-up information you desire would be through the use of depositions. Additionally, I have checked with MPD to determine how burdensome it would be to provide copies of the 37 police reports you referenced in respect to Interrogatory 13. We should be able to provide copies of those reports, suitably redacted, after the holidays.

As to your Requests for Production 3–47, I'm afraid your "narrowing" does not assist the District. As to your point A, the request is clearly premature; the "studies, data, and other evidence" is almost all in the public record, with the exception of any reports generated by any experts in this matter. That information will be disclosed according to the timeline set forth in the Scheduling Order. As to your point B, the District's answer remains the same: The requests for production are vague, overbroad and unduly burdensome. The District does not have any studies on these topics that are not otherwise

publicly available. In other words, there are no "secret" studies or documents that the District will try to introduce later that are not available to the public or plaintiffs, aside from any reports that may be generated by experts retained by the parties here.

Finally, the District will stipulate that the information in our December 5 letter may be treated as if it were supplemental responses to interrogatories given under oath.

Sincerely,

IRVIN B. NATHAN
Attorney General for the District of Columbia


      /s/ Andrew J. Saindon
BY:     ANDREW J. SAINDON
           Assistant Attorney General