UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DICK ANTHONY HELLER, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-01289 (JEB) |
| DISTRICT OF COLUMBIA, et al., | ) ) ) | |
| Defendants. | ) ) | |

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

Defendants the District of Columbia and Mayor Vincent C. Gray (collectively, "the District"), by and through their undersigned counsel, submit the following Response to Plaintiffs' Statement of Material Facts As to Which There is No Genuine Issue ("PSMF").

Plaintiffs' Statement is well over 100 paragraphs, almost none of which are material (or even relevant) or "facts," in clear violation of LCvR 7(h). The PSMF reflects plaintiffs' erroneous conception of the case and the District's burden.

The PSMF also violates the Rules of this Court. *See, e.g., Davis v. District of Columbia*, 503 F.Supp.2d 104, 115 (D.D.C. 2007) ("a plaintiff should not rely on its 'relevant facts' section to meet its burden under [LCvR 7(h)], especially if the plaintiff's presentation of the facts is not concise and mixes factual allegations with legal argument.") (citing *Jackson v. Finnegan, Henderson*, 101 F.3d 145, 153 (D.C. Cir. 1996)). That is the PSMF in a nutshell—22 pages of rambling narrative, liberally mixing factual allegations with legal argument. *See Robertson v. American Airlines, Inc.*, 239 F.Supp. 2d 5, 7 (D.D.C. 2002) (purposes of local rule "clearly are not served when one party, particularly the moving party, fails in his statement to specify the

1

material facts upon which he relies.") (quoting *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980)); *Ramey v. Darkside Productions, Inc.*, 2004 WL 5550485 (D.D.C. 2004) (in motion for summary judgment, LCvR 7(h) requires party "to identify with particularity those material facts necessary" to support motion). *See also Garay v. Liriano*, 943 F.Supp.2d 1, 20 (D.D.C. 2013) ("Nor is it this Court's obligation to dig through hundreds of pages of evidence in search of factual support for plaintiffs' assertions, where they fail to direct the Court to specific facts in the record.") (citing *Jackson*, 101 F.3d at 154).

A statement of undisputed material facts should "logically and efficiently" review relevant background facts and should *not* "contain argument . . . ." *Robertson*, 239 F.Supp.2d at 8. *See also Jackson*, 101 F.3d at 148 (statement impermissibly "[b]lend[ed] factual assertions with arguments regarding their legal significance").

Notwithstanding these arguments, in response to the numbered paragraphs of the PSMF, the District responds as follows:

1. Paragraph 1 of the PSMF is a legal conclusion, not a material fact.

2. The District does not dispute paragraph 2 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

3. The District does not dispute paragraph 3 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

4. Paragraph 4 of the PSMF is speculation, and not a material fact.

5. The District does not dispute paragraph 5 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

6. The District does not dispute paragraph 6 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

7. The District does not dispute paragraph 7 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

8. Paragraph 8 of the PSMF is a legal conclusion and not a material fact.

9. Paragraph 9 of the PSMF contains plaintiffs' legal and factual conclusions and not a material fact.

10. Paragraph 10 of the PSMF does not contain a material fact, and is irrelevant to the resolution of the instant matter.

11. Paragraph 11 of the PSMF does not contain a material fact, and is irrelevant to the resolution of the instant matter.

12. Paragraph 12 of the PSMF does not contain a material fact, and is irrelevant to the resolution of the instant matter.

13. The District does not dispute paragraph 13 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

14. The District does not dispute paragraph 14 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

15. The District does not dispute paragraph 15 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

16. Paragraph 16 of the PSMF does not contain a material fact, and is irrelevant to the resolution of the instant matter.

17. The District does not dispute paragraph 17 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

18. The District does not dispute paragraph 18 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

19. The District does not dispute paragraph 6 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

20. The District does not dispute paragraph 20 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

21. The District does not dispute paragraph 21 of the PSMF. *See* District's SMF ¶ 17.

22. The District does not dispute paragraphs 22a through 22c of the PSMF, but avers that the "facts" therein are vague and not material to the resolution of the instant matter. As to paragraph 22d, the District avers that the facts therein are not material and that the District, of course, is not responsible for what the free market charges for firearms purchase or transfer.

23. The District does not dispute paragraph 23 of the PSMF, but avers that the "facts" therein are vague and not material to the resolution of the instant matter.

24. The District does not dispute paragraphs 24a through 24i and 24k of the PSMF, but avers that the "facts" therein are vague and not material to the resolution of the instant matter. As to paragraph 24j, the District avers that the facts therein are not material and that the District, of course, is not responsible for the time spent traveling to a dealer out of the District.

25. The District objects to paragraph 25 of the PSMF because it contains argument and legal and factual conclusions, and no material facts.

26. Paragraph 26 of the PSMF contains no material facts and speculation.

27. Paragraph 27 of the PSMF contains no material facts.

28. Paragraph 28 of the PSMF contains no material facts.

29. The District objects to paragraph 29 of the PSMF because it contains no material facts, and no citations to record evidence.

30. Paragraph 30 of the PSMF contains no material facts and speculation.

31. Paragraph 31 of the PSMF contains no material facts and legal conclusions.

32. The District objects to paragraph 32 of the PSMF because it contains argument and no material facts.

33. The District objects to paragraph 33 of the PSMF because it contains argument and no material facts.

34. The District objects to paragraph 34 of the PSMF because it contains argument and speculation.

35. The District objects to paragraph 35 of the PSMF because it contains argument and speculation, and no material facts.

36. The District does not dispute paragraph 36 of the PSMF, but avers that the numerous facts therein are not material to the resolution of the instant matter.

37. The District does not dispute paragraph 37 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

38. The District does not dispute paragraph 38 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

39. The District does not dispute paragraph 39 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

40. The District objects to paragraph 40 of the PSMF because it contains argument. The District does not dispute that plaintiffs made the referenced discovery requests and that the District responded as indicated.

41. The District objects to paragraph 41 of the PSMF because it contains argument.

42. The District objects to paragraph 42 of the PSMF because it contains argument. The District does not dispute that plaintiffs made the referenced discovery request.

43. The District objects to paragraph 43 of the PSMF because it contains argument. The District does not dispute that the District responded as indicated.

44. The District objects to paragraph 44 of the PSMF because it contains argument.

45. The District does not dispute paragraph 45 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

46. The District objects to paragraph 46 of the PSMF because it contains argument.

47. The District objects to paragraph 47 of the PSMF because it contains argument and no material facts.

48. The District does not dispute paragraph 48 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

49. The District does not dispute paragraph 49 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

50. The District does not dispute paragraph 50 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

51. Paragraph 51 of the PSMF does not contain material facts and is vague.

52. The District does not dispute paragraph 52 of the PSMF, but avers that the facts therein are vague not material to the resolution of the instant matter.

53. The District does not dispute paragraph 53 of the PSMF, but avers that the facts therein are vague and not material to the resolution of the instant matter.

54. The District does not dispute paragraph 54 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

55. The District objects to paragraph 55 of the PSMF because it contains argument and not a material fact.

56. The District objects to paragraph 56 of the PSMF because it contains argument and speculation, not a material fact.

57. The District does not dispute paragraph 57 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

58. The District does not dispute paragraph 58 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

59. The District does not dispute the first sentence of paragraph 59 of the PSMF. The District objects to the second sentence of paragraph 59 because it contains argument and no material facts.

60. The District objects to paragraph 60 of the PSMF because it contains no material facts. The District does not dispute that plaintiffs made the referenced discovery request and that the District responded as indicated.

61. The District objects to paragraph 61 of the PSMF because it contains argument and not a material fact.

62. As to paragraph 62 of the PSMF, the District does not dispute that it promulgated the referenced Notice of Proposed Rulemaking, which document is the best evidence of its content, although it has since been superseded by the Notice of Final Rulemaking. The District avers that plaintiffs did not make any comments or suggestions to the proposed regulations.

63. The District does not dispute paragraph 63 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

64. The District does not dispute paragraph 64 of the PSMF.

65. The District objects to paragraph 65 of the PSMF because it contains argument. Plaintiffs do not dispute that training reduces unintentional discharges. *See* Plaintiffs' Response

to the District's SMF ¶ 23 ("Plaintiffs do not dispute that training can reduce accidental discharges . . . .").

66. The District objects to paragraph 66 of the PSMF because it contains argument.

67. The District objects to paragraph 67 of the PSMF because it contains argument.

68. The District objects to paragraph 68 of the PSMF because it contains argument and is vague.

69. The District objects to paragraph 69 of the PSMF because it contains argument.

70. The District does not dispute paragraph 70 of the PSMF, but avers that the facts therein are vague and not material to the resolution of the instant matter.

71. The District does not dispute paragraph 71 of the PSMF, but avers that the facts therein are vague and not material to the resolution of the instant matter.

72. The District objects to paragraph 72 of the PSMF because it contains argument.

73. The District does not dispute paragraph 73 of the PSMF, but avers that the facts therein are vague and not material to the resolution of the instant matter.

74. The District does not dispute paragraph 74 of the PSMF. *See* District's SMF ¶ 25.

75. The District objects to paragraph 75 of the PSMF because it contains argument. The District does not dispute that plaintiffs made the referenced discovery request and that the District responded as indicated.

76. The District objects to paragraph 76 of the PSMF because it contains no material facts.

77. The District objects to paragraph 77 of the PSMF because it is vague and contains no material facts.

78.     The District objects to paragraph 78 of the PSMF because it contains no material facts.

79.     The District does not dispute paragraph 79 of the PSMF, but avers that the facts therein are vague and not material to the resolution of the instant matter.

80.     The District objects to paragraph 80 of the PSMF because it contains no material facts and is irrelevant here. In any event, plaintiffs' evidence (a statement from a District expert witness) does not support their conclusion. *See* Matthew Miller, Deborah Azrael, & David Hemenway, *Firearms and Violent Death in the United States, in* Reducing Gun Violence in America: Informing Policy With Evidence and Analysis, 7–13 (Daniel W. Webster & Jon S. Vernick eds., 2013) (numerous empirical studies show that more guns in the home increases the risk of homicide, suicide, and unintentional firearm deaths). The book itself is available online at *http://jhupress.files.wordpress.com/2013/01/1421411113_updf.pdf* (last visited Jan. 10, 2014).

81.     The District objects to paragraph 81 of the PSMF because it contains no material facts.

82.     The District objects to paragraph 82 of the PSMF because it contains argument, and avers that the facts therein are not material to the resolution of the instant matter.

83.     The District objects to paragraph 81 of the PSMF because it contains argument. Plaintiff Heller can transfer one handgun per month into the District until they are all here.

84.     The District objects to paragraph 84 of the PSMF because it contains no material facts. In any event, plaintiffs' evidence (a statement from a District expert witness) does not support their conclusion.

85.     The District does not dispute paragraph 85 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

86. The District objects to paragraph 86 of the PSMF because it contains no material facts.

87. The District does not dispute paragraph 87 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

88. The District objects to paragraph 88 of the PSMF because it contains argument, and avers that the facts therein are not material to the resolution of the instant matter.

89. The District objects to paragraph 89 of the PSMF because it contains argument, but avers that the facts therein are not material to the resolution of the instant matter.

90. The District objects to paragraph 90 of the PSMF because it contains no material facts. In any event, plaintiffs' evidence (a statement from a District expert witness) does not support their conclusion.

91. The District objects to paragraph 91 of the PSMF because it contains no material facts. In any event, plaintiffs' evidence (a statement from a District expert witness) does not support their conclusion.

92. The District objects to paragraph 92 of the PSMF because it is vague and contains no material facts.

93. The District objects to paragraph 93 of the PSMF because it contains argument, but avers that the facts therein are not material to the resolution of the instant matter.

94. The District objects to paragraph 93 of the PSMF because it contains argument, but avers that the facts therein are not material to the resolution of the instant matter. The District does not dispute that the witness responded as indicated.

95. The District objects to paragraph 95 of the PSMF because it contains argument, but avers that the facts therein are not material to the resolution of the instant matter.

96. The District does not dispute paragraph 96 of the PSMF, but avers that the facts therein are not material to the resolution of the instant matter.

97. The District objects to paragraph 97 of the PSMF because it contains argument, but avers that the facts therein are not material to the resolution of the instant matter.

98. The District objects to paragraph 98 of the PSMF because it contains no material facts. In any event, plaintiffs' evidence (a statement from a District expert witness) does not support their conclusion.

Date: January 15, 2014                     Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

     /s/ Grace Graham
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov

     /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
andy.saindon@dc.gov

                                               /s/ Chad A. Naso
Chad A. Naso [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov

*Counsel for Defendant*