UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DICK ANTHONY HELLER, et al. | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 08-01289 (JEB) |
| DISTRICT OF COLUMBIA, et al., | ) | |
| Defendants. | ) | |

DEFENDANTS' REPLY TO "PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS, AND PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT NECESSARY TO BE LITIGATED"

Defendants the District of Columbia and Mayor Vincent C. Gray (collectively, "the District"), by and through their undersigned counsel, submit the following Reply to "Plaintiffs' Response to Defendants' Statement of Material Facts, and Plaintiffs' Statement of Genuine Issues of Material Fact Necessary to be Litigated." (Doc. No. 75-4). Apparently for maximum length and inconvenience, plaintiffs quote, in full, each paragraph of the District's SMF before responding.

Plaintiffs' "Response" violates LCvR 7(h)(1), which requires that a party opposing summary judgment file "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated[.]" Plaintiffs' Response improperly combines the required filing with their reaction to the DSMF. *See Gilbert v. Napolitano*, 670 F.3d 258, 263 (D.C. Cir. 2012) (LCvR 7(h) requires a "statement that includes only issues actually in dispute.") (affirming trial court's striking of plaintiff's noncompliant statement).

Preliminarily, the District notes that plaintiffs concede that there are no "facts that need to be litigated in an evidentiary trial[.]" *Id.* at 2. Thus, summary judgment for the District is appropriate. *See Smith v. Dep't of Justice*, ___ F.Supp.2d ____, 2013 WL 5648256, *3 (D.D.C. Oct. 17, 2013) (party's "complete failure to come forward with evidence to demonstrate the existence of a genuine issue of material fact constitutes a 'reason' for the grant of summary judgment under [Rule 56].") (agreeing with *Grimes v. District of Columbia*, 923 F.Supp.2d 196 (D.D.C. 2013)).

Plaintiffs purport to "dispute" a handful of the statements made in the District's SMF, but closer examination reveals no real disagreement. The District here addresses only those paragraphs which plaintiffs purport to dispute.

As to DSMF ¶ 6, plaintiffs claim the fact (describing the effect of the 2012 Act) is "irrelevant," but do not dispute that it happened as described.

As to DSMF ¶ 10, plaintiffs mischaracterize the evidence; the District did not contend that it had provided "all of the written statements" provided to the Council's Committee on the Judiciary regarding the 2012 Act.

As to DSMF ¶ 16, plaintiffs purport to complain that MPD's announced interpretation (of the protection afforded firearms-registration information from public disclosure) was not "express" or would not be perpetual, but those quibbles are not material to the resolution of the instant motions.

As to DSMF ¶ 18, plaintiffs "dispute" the District's statement that "[e]mpirical evidence suggests that in-person registration for firearm purchasers reduces the diversion of guns to criminals." (citing Webster Decl. ¶¶ 14–18). But even if plaintiffs were correct, they merely dispute the conclusion reached by the District's expert (and others). At most, then, this

"conflicting" evidence is for the legislature (i.e., the Council) to resolve, not this Court. Moreover, the reliability of Dr. Kleck's efforts has been called into question by other academics. *See* District's Opp. at 33–37.

As to DSMF ¶ 19, plaintiffs purport to dispute the District's statement that "[l]ocal-level background checks of an applicant's criminal and mental-health history have been shown to be more effective at reducing firearm-related crime than just using the federal background check[,]" but plaintiffs actually quibble with the study cited (at App. 244–49). Again, this "conflicting" evidence is for the Council to resolve, not this Court. *See supra*.

As to DSMF ¶ 20, plaintiffs do not dispute the *conclusions* of the GAO, but how the study was conducted. *See* District's Opp. at 21 & n.16.

As to DSMF ¶ 21, plaintiffs purport to dispute the use of fingerprints in firearms registration, but raise no substantive objections to their use.

As to DSMF ¶ 24, plaintiffs purport to dispute the District's statement that "[p]romptly notifying law enforcement when a registered firearm is lost or stolen provides law enforcement with the opportunity to investigate and potentially recover the firearm before it is used in a crime[,]" but insist that the statement is speculative, and that persons can report stolen property "without any legal mandate." The use of the word "opportunity" indeed indicates the potential benefits of the reporting requirements. As to plaintiffs' second point, if voluntary compliance with the law were sufficient, there would be no need for registration in the first place.

As to DSMF ¶ 26, plaintiffs purport to dispute the District's statement that "[s]tate and local laws that limit the purchase or registration of firearms by an individual to one gun in a 30-day period are effective in disrupting illegal interstate trafficking of firearms[,]" but plaintiffs

actually quibble with the study cited. Again, this "conflicting" evidence is for the Council to resolve, not this Court. *See supra*.

As to DSMF ¶ 27, plaintiffs purport to dispute that "high-powered rifles have been the preferred tool of political assassins" but are silent on the remaining portion of the statement, *i.e.*, that high-powered rifles "typically are more accurate over a longer range."

Finally, as to DSMF ¶ 28, plaintiffs purport to dispute that preventing crime and promoting public safety are each important and legitimate government interests, but later in that very same paragraph acknowledge that "these are questions of law already decided [in the District's favor] by the D.C. Circuit, and are 'law of the case.'" *See Heller II*, 670 F.3d at 1258.

Date: January 15, 2014

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

    /s/ Grace Graham
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov

    /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643

Facsimile: (202) 730-1470
andy.saindon@dc.gov

　　　/s/ Chad A. Naso
Chad A. Naso [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov

*Counsel for Defendant*